OPINION OF THE COURT
A. Kirke Bartley, Jr., J.
*710 Defendant is charged with two counts of endangering the welfare of a child in violation of Penal Law § 260.10 (1), one count of assault in the third degree in violation of Penal Law § 120.00 (1), one count of assault in the third degree in violation of Penal Law § 120.00 (2), one count of attempted assault in the third degree in violation of Penal Law §§ 110.00 and 120.00 (1), and one count of harassment in the second degree in violation of Penal Law § 240.26 (1). On September 23, 2004, defendant submitted a notice of motion and memorandum of law requesting a pretrial hearing to determine whether statements of the complaining witness, Damita D., to law enforcement fell within the excited utterance exception to the hearsay rule. Defendant further requested that the People be precluded from introducing such statements as violative of the Confrontation Clause of the Federal Constitution (US Const Amends VI, XIV) pursuant to Crawford v Washington (541 US 36 [2004]). On September 28, 2004, the People submitted a memorandum of law in response to which defendant replied on September 29, 2004.
A pretrial suppression hearing had been held on July 14, 2004. The sole witness, Police Officer Aimee Melenciano, testified on behalf of the People. Upon defendant’s present motion requesting an additional pretrial hearing, the court made an in-court inquiry of the defense as to what, if any, additional facts would be put before the court. The defense acknowledged that the relevant facts had been examined during the earlier pretrial hearing and withdrew the request for an additional hearing.
Findings of Fact
Police Officer Aimee Melenciano was working a tour of duty in uniform with seven other officers in a marked police van on October 8, 2003. Officer Melenciano was seated in the passenger seat of the van. At approximately 7:10 p.m., while the officers were stopped in the van at a red light on the corner of 116th Street and Madison Avenue, Damita D. waved the van down and approached Officer Melenciano while she was seated in the van. Damita D. was crying, her face was red and swollen, her speech was shaky, she seemed nervous, and she had a baby in a stroller who was crying and another child standing beside her. Officer Melenciano asked her what was wrong and she stated that her boyfriend had punched her in the face and pushed her down and then tried to take her children. Damita D. pointed to the left side of her cheek, which was red and swollen, and said that her boyfriend had punched her there.
*711 Officer Melenciano asked her if she needed medical attention to which she said no. Officer Melenciano asked Damita D. where and when this had happened, and she stated that it had just occurred around the corner on 115th Street. As Officer Melenciano attempted to get a description of defendant from her, Damita D. pointed at defendant and stated, “there he goes” as defendant approached them walking northbound on Madison Avenue. Two officers then stopped defendant while Officer Melenciano remained with Damita D. Defendant then started yelling, “this bitch is trying to get me arrested again. I will fuck you up. I’ll fuck you up when I get out. I’ll get my cousin to fuck you up. I’ll kill you.”
Conclusions of Law
The Supreme Court of the United States has held that the Confrontation Clause of the Federal Constitution’s Sixth Amendment bars the admissibility of out-of-court testimonial statements by an unavailable witness offered in a criminal trial to prove the truth of a matter that it asserts unless the defendant has had a prior opportunity to cross-examine the witness about the statement. (Crawford v Washington, 541 US 36 [2004].) However, a comprehensive definition of “testimonial” was not articulated, beyond designating that “it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.” (541 US at —, 124 S Ct at 1374.) The term police interrogation is used “in its colloquial, rather than any technical legal, sense.” (541 US at — n 4, 124 S Ct at 1365 n 4.)
Courts must now decide what out-of-court statements by an unavailable witness, within and beyond the core class of designated “testimonial” statements, should be barred from admissibility at trial as violative of the Confrontation Clause. New York courts have begun this process with conflicting reasoning and result. The earliest cases involving 911 calls illustrate this conflict. In People v Moscat (3 Misc 3d 739 [Crim Ct, Bronx County 2004]), the court held that a 911 call for help from an unavailable complaining witness in a domestic assault case is not testimonial in nature since the call was not initiated by the police, and not generated to seek evidence against a particular suspect or in contemplation of future legal proceedings, but rather to rescue the caller from immediate peril. Similarly, in People v Conyers (4 Misc 3d 346 [Sup Ct, Queens County 2004]), the court held that a 911 call for police assistance to *712 stop a street fight was not testimonial since the caller’s intention was to stop the assault in progress rather than in consideration of the ramifications of being a witness in future legal proceedings. However, People v Cortes (4 Misc 3d 575 [Sup Ct, Bronx County 2004]) held that a 911 call by an unidentified and unavailable witness of a shooting constituted testimony since 911 calls are the product of law enforcement interrogation based upon formalized questioning procedures for the purposes of investigation, prosecution and potential use at a judicial proceeding, notwithstanding what the caller may have believed or intended when making the call.
Various courts have begun to adopt a fact-specific analysis of the particular call and the caller’s motive for making the call, in accord with the reasoning in Moscat and Conyers, rather than the broad holding in Cortes finding that 911 calls by their very nature are testimonial. (See State v Wright, 686 NW2d 295 [Minn Ct App 2004] [holding that statements to a 911 operator immediately after an assault seeking help and on-the-scene statements to police officers shortly after the assault were not “testimonial” under Crawford since the declarant’s purpose was to seek protection, not to bear witness against the defendant]; see also People v Isaac, 4 Misc 3d 1001[A], 2004 NY Slip Op 50582[U] [Nassau County Dist Ct 2004] [excluding the admission of a 911 call made by an unavailable witness after a fact-specific analysis of the call revealed an insufficient degree of stress and excitement to still the caller’s reflective faculties, prevent deliberation and effectively make the call part of the criminal incident]; cf. People v Rivera, 8 AD3d 53 [1st Dept 2004] [finding that a telephoned statement to the victim’s sister by a crying and screaming declarant identifying the defendant as the assailant was not testimonial].)
Specifically as to statements made to police at the scene of an incident, courts in New York and throughout the country have held that responses to police officers during a preliminary field investigation are not barred as “testimonial” statements under Crawford if the statements and the circumstances in which the statements were made lack the requisite formality to constitute a police interrogation. (See People v Newland, 6 AD3d 330 [1st Dept 2004] [concluding that a brief, informal remark to an officer conducting a field investigation, which was not made in response to structured police questioning, should not be considered a testimonial statement]; State v Forrest, 596 SE2d 22 [NC Ct App 2004] [holding that statements initiated by complaining *713 witness to police immediately after rescue were nontestimonial in nature]; but cf. Moody v State, 277 Ga 676, 594 SE2d 350 [2004] [finding that statements of deceased victim to a police officer during a field investigation of a previous, separate incident two years prior involving defendant were testimonial and admission of this testimony was error].)
Indiana has held that responses to preliminary investigatory questions by police upon their arrival at the scene of an incident in response to a request for assistance are not testimonial since the statements were not given in a formal setting or contained within a formalized document. (Hammon v State, 809 NE2d 945 [Ind Ct App, 2d Dist 2004]; Fowler v State, 809 NE2d 960 [Ind Ct App, 2d Dist 2004].) Both cases involved statements describing domestic abuse by a complaining witness to police upon arrival at a residence in response to a domestic disturbance call for assistance. Additionally, California has held that a wife’s statements to a 911 operator and to a responding officer, describing how her husband had hit her, were nontestimonial statements, whose admission was not prohibited by the Confrontation Clause, since the statements were not made in response to structured police questioning, but were statements initiated by the declarant as part of her request for assistance which “bear no indicia common to the official and formal quality of the various statements deemed testimonial by Crawford.” (People v Corella, 122 Cal App 4th 461, 468, 18 Cal Rptr 3d 770, 776 [Ct App, 2d Dist 2004].)
Furthermore, in some cases, including domestic violence, even though the unavailable declarant’s statement is found to be testimonial, it may nevertheless be admitted since “a defendant’s misconduct may work a forfeiture of the constitutional right of confrontation with respect to a witness or potential witness whose absence the defendant wrongfully procures.” (People v Moore, 2004 WL 1690247, *4, 2004 Colo App LEXIS 1354, *10 [Colo Ct App, Div Three, July 29, 2004], citing Crawford, 541 US at —, 124 S Ct at 1370; see also People v Santiago, 2003 NY Slip Op 51034[U] [Sup Ct, NY County 2003] [allowing the admissibility of complainant’s prior out-of-court statements and grand jury testimony after finding that defendant’s history of domestic abuse against the complainant effectively resulted in the complainant’s recantation and decision to make herself unavailable to testify].)
However, in the case at bar, forfeiture need not be invoked since Damita D.’s statements to Officer Melenciano do not con *714 stitute testimonial statements whose admission would violate defendant’s right to confrontation. A fact-specific analysis of the particular nature and circumstances of the statements is applied to determine whether the statements are testimonial. The analysis takes into consideration the extent of a formalized setting in which the statements were made, if and how the statements were recorded, the declarant’s primary purpose in making the statements, whether an objective declarant would believe those statements would be used to initiate prosecutorial action and later at trial, and specifically with cases involving statements to law enforcement, the existence of any structured questioning and whether the declarant initiated the contact. In the present case, Damita D. initiated contact with Officer Melenciano immediately after the defendant had just allegedly punched her, pushed her down, and tried to take her children. Damita D., while crying and having a red and swollen face, approached Officer Melenciano. In response, Officer Melenciano asked Damita D. what was wrong. Damita D.’s statements were not made in response to structured police questioning. Additionally, Damita D.’s statements were not given in a formal setting or contained within a formalized document, as compared to Crawford where the statements in question involved a custodial, Miranda-warned, tape-recorded interrogation. (Crawford, 541 US at —, 124 S Ct at 1357.) Based upon these facts, the primary purpose of the statements from both a subjective and objective perspective was to seek immediate protection, not to initiate investigative and prosecutorial action and bear witness against defendant,* and the questioning by Officer Melenciano lacked the requisite formality to constitute a police interrogation, whether it be in its colloquial or technical legal sense.
Accordingly, the statements in the present case are nontestimonial and their admissibility does not violate the Confrontation Clause of the Federal Constitution. Consequently, the admissibility of the nontestimonial statements is subject to state evidentiary laws. (See Crawford, 541 US at —, 124 S Ct at 1374.) In the case at bar, the statements meet the requirements for an excited utterance based upon the particular circumstances of this case, including the short period of time between the statements and the alleged punching by defendant, and the nature of this occurrence, and may be received into evidence as *715 such. (See People v Edwards, 47 NY2d 493, 497 [1979]; see also People v Brown, 70 NY2d 513 [1987].)
For the reasons set forth above, defendant’s motion to preclude the People from introducing the statements of Damita D. into evidence is denied.

 Notably, Damita D. has refused to participate in the prosecution of this case.