OPINION OF THE COURT
Ralph T. Gazzillo, J.
*677 On July 15, 2005, the undersigned conducted a combination WadeIHuntley hearing and decided certain pretrial issues. In support of its burden, the prosecution relied upon police testimony as well as some documentary evidence and photos. The defense offered no evidence other than that adduced during cross-examination. As reflected within the record, this matter’s factual and legal issues were both relatively straightforward and uncomplicated. As a result, findings were spread upon the record at the hearing’s conclusion and the defendant’s suppression applications denied in all respects. The hearing, however, did contain an evidentiary issue which merits further comment.
As the record reflects, the People’s presentation was provided by a witness who described the investigation. On a number of occasions, his testimony included what had been said by either the defendant or someone interviewed during the course of the investigation. Whenever someone other than the defendant was quoted, defense counsel voiced an objection. Typically the objection was accompanied by either a somewhat abbreviated and naked reference to “Crawford” (presumably, Crawford v Washington, 541 US 36 [2004]), or by the claim that the testimony violated the defendant’s “right to confrontation.” Each objection was overruled and, after a series of such objections were made and overruled, a continuing objection was granted.
In that the Crawford and/or confrontation issues will undoubtedly be resurrected at other hearings, the undersigned’s rationale—coupled with the benefit of additional research—is as follows:
As was explained in Crawford (supra), when an out-of-court statement authored by a person who does not appear at the trial is offered to prove the truth of what is contained therein and is “testimonial” in nature, the defendant has a constitutional right to confront the author. Such “testimonial” statements are therefore inadmissible unless: (a) the author is presently unavailable as a witness, and (b) the defendant had a prior opportunity to cross-examine the author. Absent satisfaction of both of these two requirements, any such “testimonial” statement must be excluded, even if it is clearly reliable and fits within a recognized hearsay exception. Notwithstanding the length and exhaustive analysis of the Crawford decision, the penultimate page of the majority’s opinion left “for another day any effort to spell out a comprehensive definition of ‘testimonial.’ ” (541 US at 68.)
As was noted by one court, Crawford “displaced] prior case law.” (United States v Vega Molina, 407 F3d 511, 519 [1st Cir *678 2005].) As a result, Crawford initiated—and continues to spawn—virtually countless opinions which interpreted and applied its rule. This analysis has been conducted nationwide, at the federal, interstate, and intrastate levels. (See, e.g., and the cases cited within each, United States v Vega Molina, supra; People v Hardy, 4 NY3d 192 [2005]; People v Ruis, 11 AD3d 714 [2d Dept 2004]; People v Mackey, 5 Misc 3d 709 [Crim Ct, NY County 2004]; Vanmeter v State, 165 SW3d 68 [Tex Ct App, 5th Dist 2005].)
Predictably, the scope of some of the decisions has included efforts to develop a working definition of “testimonial.” A so-called “fact-specific analysis” has evolved, focusing, inter alla, upon the particular nature and circumstances of the statements, whether the setting was formal, if the statements were recorded (and if so, how), the declarant’s primary purpose, whether an objective declarant would anticipate the statement being used to initiate prosecution and later at trial, and whether the declarant initiated the contact. (See, e.g., People v Mackey, supra.)
Despite myriad written opinions, no controlling case has been found (nor offered by counsel) which dictates that the reach of Crawford should be extended beyond trials so as to also include pretrial hearings. For the reasons hereinafter set forth, the undersigned is of the opinion that it does not.
The starting point is, of course, the Crawford decision itself. A reading of the lengthy opinion readily demonstrates that it is the product of extensive effort. Marshaling centuries old as well as modern authorities, it more than amply supports its analysis, reasoning, result and application. Interwoven throughout the decision—as well as the dissent—were scores of specific references to “trials” as well as half a dozen references to juries. It is silent, however, as to hearings.
The foundation for Crawford’s logic is clearly the Confrontation Clause. Previously, however, the High Court has stated that right “is basically a trial right.” (Barber v Page, 390 US 719, 725 [1968] [emphasis supplied]; see also, Pennsylvania v Ritchie, 480 US 39 [1987].) It merits noting that the Crawford majority favorably cited Barber without comment, therefore enhancing Barber’s continuing vitality, its teachings, and, it could be argued, its prior dictate that the right of confrontation is a trial right. (While Crawford impliedly reinforced Barber, it was not timid in overruling a more recent decision—Ohio v Roberts [448 US 56 (1980)].)
Moreover, limiting Crawford’s reach so as to exclude pretrial proceedings is consistent with other, prior decisions by the High *679 Court. For example, it has held that when conducting pretrial suppression hearings, a court may accept and rely upon evidence—including hearsay—which would typically be inadmissible at trial. (United States v Raddatz, 447 US 667 [1980]; Brinegar v United States, 338 US 160 [1949].) As stated by the Court:
“This Court on other occasions has noted that the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would be inadmissible at trial.” (United States v Raddatz, 447 US at 679 [citations omitted].)
That practice appears to be settled as Crawford never limits, qualifies or even mentions Raddatz, Brinegar, or the rule.
Notwithstanding Crawford's silence on the trial versus pretrial issue, further support for limiting the rule to trials may also be found in the decision itself. For example, the catalyst and factual basis of the Crawford panel’s scrutiny was certain “testimonial” evidence. That testimony had been accepted during the state court trial, subsequently disallowed by the intermediate state appellate court, thereafter reinstated by the state’s highest court, and ultimately rejected by the Supreme Court. While Crawford's rule is now obviously controlling, its application should be triggered by similar and/or analogous facts, i.e., (1) an unavailable declarant, and (2) the lack of a prior opportunity for cross-examination, plus (3) “testimonial” trial evidence.
Regarding the matter at bar, in view of the above, and notwithstanding the majesty of the High Court’s mandate, Crawford does appear controlling. As indicated, there is no objective evidence within Crawford to support the inference that its rule should be extended to pretrial hearings. Secondarily, not extending the rule to such hearings is consistent with the other, prior and as yet undisturbed cases. Lastly, Crawford concerned testimony from a trial, not a hearing; as such, it is distinguishable and an application of stare decisis places the latter (and the matter at bar) outside the rule.
In the absence of compelling authority, there is no reason to otherwise extend Crawford to pretrial suppression hearings. To do so would be in contravention of existing law. While obviously subservient to federal commands, the courts of this state follow *680 procedures and rules pursuant to a statutory, codified scheme. (See, CPL art 710.) As provided by the Legislature, the existing black letter law specifically states that at a hearing, “hearsay evidence is admissible to establish any material fact.” (CPL 710.60 [4].) The appropriateness of this practice is clear: the function of a typical pretrial suppression hearing involves a judicial determination of issues of law; conversely, a trial’s function is to decide issues of fact. Comparing the two proceedings, hearings are of “lesser magnitude” than trials (United States v Raddatz at 679); thus hearsay at hearings is less hazardous.
In view of the foregoing, the undersigned determines that the contested testimony is admissible at the hearing, and that result appears undisturbed by Crawford (supra), or any other basis.*

 Somewhat parenthetically, the allegedly objectionable evidence of this matter is those portions of the testimony which centered around the identification procedure employed during the investigation. As related by the officer, certain witnesses selected the defendant. In essence, they “said” it was him (the defendant). Repeating the witnesses’ words—in sum and substance or even a word-for-word exact quote-—-is not hearsay unless the words were submitted for the truth contained therein (i.e., that it was him). If, instead, the words were submitted to establish what was said—as relevant to the officer’s state of mind and probable cause—there is no hearsay. Absent hearsay, Crawford is inapplicable.