**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Galen T. FELDER, Defendant–Appellant.**

**No. 03CA2068.**

Colorado Court of Appeals, Div. II.

Oct. 20, 2005.

Certiorari Denied March 20, 2006.*

---

\* Justice EID does not participate.

    Justice BENDER would grant as to the following issue:

    Whether the court of appeals erred when it held that the statements of a confidential informant utilized in the prosecution and trial of the petitioner were not testimonial in nature and therefore, petitioner's Sixth Amendment right to confrontation was not violated.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Fielder & Gonzales, LLC, Gary D. Fielder, Bernadette Gonzales, Westminster, Colorado, for Defendant–Appellant.

DAILEY, J.

Defendant, Galen T. Felder, appeals the judgment of conviction entered upon jury verdicts finding him guilty of unlawful possession of a schedule II controlled substance and unlawful possession of a schedule II controlled substance with intent to distribute. Defendant also appeals his sentence as an habitual criminal. We affirm.

A confidential informant told the police that defendant was selling crack cocaine from a house. Based on this information, the officers obtained a warrant to search the house.

The officers executed the search warrant and arrested defendant after discovering evidence which confirmed that he was engaged in the sale of crack cocaine.

## I.

Defendant contends that the trial court violated his constitutional rights of confrontation by refusing to require the prosecution to disclose the identity of the confidential informant. We disagree.

### A.

Defendant argues that his rights of confrontation were violated when hearsay statements of the confidential informant were admitted at a pretrial hearing on a motion challenging the legality of the search warrant. We are not persuaded.

At the outset, we note that defendant does not challenge the trial court's ruling insofar as it involves the discretionary application of factors relevant to the determination of whether due process requires the disclosure of a confidential informant's identity. *See*

*People v. Villanueva,* 767 P.2d 1219, 1223 (Colo.1989)(enumerating the relevant considerations); *People v. Siegl,* 914 P.2d 511, 516 (Colo.App.1996)("there is no fixed rule regarding disclosure of informants, and the decision whether to order disclosure is committed to the sound discretion of the trial court").

Rather, defendant's claim is limited to the narrow question of whether, under the Supreme Court's recent decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), his right of confrontation was violated by the admission, at the pretrial suppression hearing, of hearsay statements made by the unidentified confidential informant. We find no violation.

Before the Supreme Court's decision in *Crawford v. Washington, supra,* a hearsay statement made by an unavailable witness was admissible against a criminal defendant at trial only if the prosecution demonstrated that the declarant was unavailable to testify and the statement either fell within a firmly rooted hearsay exception or bore particularized guarantees of trustworthiness. *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). The *Crawford* Court partially overruled *Ohio v. Roberts,* and held that the Sixth Amendment only allows the admission of testimonial hearsay statements in a criminal trial if the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant. *See Compan v. People,* 121 P.3d 876, 879, 2005 WL 2415958 (Colo. No. 04SC422, Oct. 3, 2005) (recognizing that *Crawford* applies only to testimonial evidence; "nontestimonial statements are still controlled by *Roberts* ").

However, *Crawford* addressed a defendant's rights of confrontation at *trial.* Nothing in *Crawford* suggests that the Supreme Court intended to alter its prior rulings allowing hearsay at *pretrial* proceedings, such as a hearing on a suppression motion challenging the sufficiency of a search warrant. *See Vanmeter v. State,* 165 S.W.3d 68, 74 (Tex.App.2005)(the protections afforded by the Confrontation Clause, as interpreted in *Crawford,* do not apply at pretrial suppression hearings).

Indeed, had the Court intended the rule of *Crawford* to apply at the pretrial stage, it would have revisited its prior decisions refusing to recognize a Sixth Amendment right of pretrial confrontation. *See McCray v. Illinois*, 386 U.S. 300, 311–13, 87 S.Ct. 1056, 1062–64, 18 L.Ed.2d 62 (1967)(no Confrontation Clause violation where defendant was denied the chance to discover an informant's name at pretrial hearing); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52, 54 n. 10, 107 S.Ct. 989, 999, 94 L.Ed.2d 40 (1987)(plurality opinion)(noting that to accept a broader interpretation would transform the Confrontation Clause into a constitutionally compelled rule of discovery and further recognizing the Court "normally has refused to find a Sixth Amendment violation when the asserted interference with cross-examination did not occur at trial"); *California v. Green*, 399 U.S. 149, 157, 90 S.Ct. 1930, 1934–35, 26 L.Ed.2d 489 (1970)("[I]t is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause."); *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968)("The right to confrontation is basically a trial right.").

Accordingly, we reject defendant's claim.

### B.

■ In a related claim, defendant argues that the prosecution violated his right of confrontation at trial by admitting evidence derived from the confidential informant. We are not persuaded.

At trial, a detective identified defendant by his nickname, "Gunsmoke." Another officer testified that he had searched the kitchen of the house and found baggies of crack cocaine, a scale, a handgun, and several pieces of paper bearing a phone number and the word "Gun." The officer testified that he had seen such slips of paper in the past and that they were often used by drug dealers as "business cards."

On appeal, defendant argues that the detective's testimony identifying him by his nickname was hearsay that violated his right of confrontation because the detective learned the nickname from the confidential informant.

We conclude that any possible error was harmless beyond a reasonable doubt because a codefendant testified at trial and also identified defendant as "Gunsmoke." *See People v. Fry*, 92 P.3d 970, 980 (Colo.2004)(admission of hearsay in violation of confrontation right does not require reversal if appellate court determines that error was harmless beyond a reasonable doubt).

### II.

■ Defendant next argues that the habitual criminal statute, § 18–1.3–801, C.R.S. 2005, is unconstitutional because it deprives him of his Sixth Amendment right to trial by jury. More specifically, he contends that the issue whether he was an habitual criminal should have been pleaded and proved to a jury because habitual criminal proceedings do not fall within the prior conviction exception to the rule established in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and *Blakely v. Washington*, 542 U.S. 296, ——, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004)(same).

We reject this argument for the reasons set forth in *Lopez v. People*, 113 P.3d 713, 723 (Colo.2005)(recognizing the ongoing vitality of the prior conviction exception), and *People v. Benzor*, 100 P.3d 542, 544–45 (Colo.App.2004)(holding that the prior conviction exception exempts habitual criminal proceedings from the constitutional jury requirement).

The judgment and sentence are affirmed.

Judge ROTHENBERG and Judge LOEB concur.