■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. BRINK, Appellant. [818 NYS2d 374]—

Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered April 20, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree, burglary in the first

degree, unlawful imprisonment in the second degree, criminal possession of a weapon in the second degree, and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, robbery in the first degree (Penal Law § 160.15 [2]), robbery in the second degree (§ 160.10 [1]), and burglary in the first degree (§ 140.30 [2]). We reject the contention of defendant that *Crawford v Washington* (541 US 36 [2004]) applies to his pretrial suppression hearing and that reversal is required because his right of confrontation was violated at that hearing. As the Supreme Court has written, "[t]he right [of] confrontation is basically a trial right" (*Barber v Page*, 390 US 719, 725 [1968]; *see People v Robinson*, 9 Misc 3d 676, 678-680 [2005]; *see also United States v Thompson*, 2005 WL 3050634, *4-6, 2005 US Dist LEXIS 27763, *12-20 [ED Mo, Nov. 14, 2005]; *People v Felder*, 129 P3d 1072, 1073-1074 [Colo App 2005]; *Vanmeter v State*, 165 SW3d 68, 74-75 [Tex App 2005]). Indeed, "the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the [suppression] court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial" (*United States v Raddatz*, 447 US 667, 679 [1980], *reh denied* 448 US 916 [1980]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further reject defendant's contention that reversal is required based on prosecutorial misconduct on summation. Reversal based on prosecutorial misconduct is " 'mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984], quoting *People v Mott*, 94 AD2d 415, 419 [1983]), and there is no such substantial prejudice in this case. Rather, the record establishes that the prosecutor's comments on summation were a fair response to defense counsel's summation (*see generally People v Halm*, 81 NY2d 819, 821 [1993]; *People v Beggs*, 19 AD3d 1150 [2005], *lv denied* 5 NY3d 803 [2005]).

Also contrary to defendant's contention, County Court properly allowed the People to amend the indictment to correct a typographical error. The amendment did not change the theory of the prosecution, nor did it "otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]). In addition, the court's *Sandoval* ruling, pursuant to which the court allowed

inquiry into defendant's conviction of rape in the second degree, does not constitute an abuse of discretion (*see generally People v Hayes*, 97 NY2d 203, 207-208 [2002]). That conviction demonstrated the willingness of defendant to put his own interests before those of society and was therefore relevant to "the question of his veracity" (*People v Bennette*, 56 NY2d 142, 148 [1982]). We reject the further contention of defendant that he received ineffective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Here, defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*Benevento*, 91 NY2d at 712; *see People v Rivera*, 71 NY2d 705, 709 [1988]). The sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.