(190 P.3d 266)
No. 96,804

STATE OF KANSAS, *Appellee*, v. TICIA M. WATKINS, *Appellant*.

Opinion filed October 5, 2007.

*Carl Folsom, III,* of Kansas Appellate Defender Office, for appellant.

*James R. Watts,* assistant county attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before McANANY, P.J., LEBEN, J., and BUKATY, S.J.

LEBEN, J.: Ticia Watkins committed six felonies related to the sale of cocaine: three counts of sale of cocaine and three counts of failure to have a drug-tax stamp. We know that she committed these offenses because she has been convicted and on appeal she does not suggest any inadequacy in the evidence used to convict her. Rather, the primary question she presents to us is whether it was proper to try her at all. She contends that the statute of limitations expired in this case before she was arrested—and her argument is valid unless the warrant was executed "without unreasonable delay." Here, law-enforcement officers took several steps to execute the warrant, and they would have succeeded well within the limitation period had Watkins not lied about her identity when she was stopped for a traffic violation. We find no unreasonable delay in execution of the warrant here and no other reason to overturn her convictions.

At the time Watkins committed these offenses in February and March 2003, K.S.A. 2003 Supp. 21-3106(8) provided that prosecution for these crimes "must be commenced within two years after it is committed." The statute of limitations "starts to run on the day after the offense is committed." K.S.A. 2003 Supp. 21-3106(10).

Two rules that can stop the running of the statute of limitations are of significance here. First, the filing of a criminal complaint

and the delivery of the warrant to law enforcement for arrest of the defendant "commences" prosecution, thus tolling the statute of limitations, unless "the warrant . . . is not executed without unreasonable delay." K.S.A. 2003 Supp. 21-3106(11). If an unreasonable delay occurs in executing the warrant (*i.e.*, arresting the defendant), then it "shall be included in computing the period within which a prosecution must be commenced." *State v. Washington*, 12 Kan. App. 2d 634, 637, 752 P.2d 1084, *rev. denied* 243 Kan. 781 (1988). Second, the statute does not run for any period during which "the accused is concealed within the state so that process cannot be served" upon her. K.S.A. 2003 Supp. 21-3106(9)(b).

Prosecutors filed a complaint against Watkins on April 22, 2003; the complaint alleged criminal acts between February 25, 2003, and March 19, 2003. Watkins was not arrested on the warrant until May 6, 2005. Thus, her arrest came more than 2 years after the offenses were committed. So unless one of the two rules we've mentioned that stop the running of the statute of limitations applies, Watkins is right that the charges against her should have been dismissed.

The district court held a pretrial evidentiary hearing to consider Watkins' motion to dismiss based on the statute of limitations. On review of a pretrial ruling made after an evidentiary hearing, we review the factual basis for the district court's ruling under the substantial-evidence standard but review the interpretation of the applicable statutes de novo. See *State v. Ackward*, 281 Kan. 2, 8, 128 P.3d 382 (2006); *State v. Beard*, 273 Kan. 789, 807, 46 P.3d 1185 (2002).

Officers initially delayed filing charges against Watkins for 2 to 3 months to protect a confidential informant who was still providing useful information in other investigations. After the charges were filed on April 22, 2003, officers next alerted detectives to be on the lookout for Watkins in the area of Douglass, Kansas, a small community in Butler County where Watkins had family. On February 23, 2004, police entered the warrant for Watkins into a national computer database available to law enforcement, the National Crime Information Center (NCIC). Entry in the NCIC

database usually facilitates the arrest of person on a warrant registered in the database when the person is stopped by police for a traffic violation. Only 6 days after the NCIC entry was made, Watkins was stopped in Wichita in a traffic stop. She was not arrested on the warrant, however, because she told officers that she was Amber Allen, who is Watkins' sister. Although Watkins' passenger was arrested on an outstanding warrant, Watkins was not arrested on her outstanding warrant thanks to her successful deception about her identity.

Watkins—claiming to be Allen—had told the officer that she worked at the Butler County Detention Center; Allen does work there. The officer later contacted the detention center to report Allen's behavior. Based on that call and later investigation, the officer learned that it had been Watkins, not Allen, whom he had stopped. A new charge was lodged against Watkins for felony obstruction.

In March 2004, Butler County officers sent a memo to officers in neighboring Sedgwick County that asked for their assistance in locating and arresting Watkins on the warrant. A detective received information about Watkins living in various motels and had information suggesting her residence at a specific motel in summer or early fall 2004. In addition, that detective again alerted officers in the Douglass area in summer 2004 that Watkins might be present for her sister's baby shower. Ultimately, though, these efforts did not result in Watkins' arrest, and it was not until May 6, 2005, that she was arrested. There is at least some indication in the evidence that she may have been stopped and claimed to have been Amber Allen on other occasions; there were 45 inquiries in the national crime computer database either for Watkins or Allen between March 2003 and May 2005.

A puzzling aspect of Watkins' interactions with law-enforcement personnel after the NCIC entry of the warrant was made is that Watkins was arrested by police in Wichita on July 5, 2004, and on May 5, 2005, but she was not held for the Butler County warrant on those dates. The district court did not make a specific finding explaining this, and the evidence does not clearly provide one.

The district court concluded that though it was "not willing to say that Butler County made the most energetic and thorough search and continual investigation in the case," it could not "say that Butler County acted unreasonably under the circumstances." The court distinguished this case from *Washington*, 12 Kan. App. 2d at 636-37, a case in which charges had been dismissed because of unreasonable delay in serving the arrest warrant, because Watkins had engaged in active deception of police when she had been stopped by Wichita police in February 2004. The district court also concluded that Watkins had given her sister's name to other law-enforcement agencies. Based upon these findings, the district court denied Watkins' motion to dismiss the case based on the statute of limitations.

"The key to analyzing the reasonableness of the warrant execution is to look at what the State did, not what it did not do." *State v. Long*, 276 Kan. 297, Syl. ¶ 3, 75 P.3d 1217 (2003). Each case must be determined on its own facts given all the circumstances. 276 Kan. 297, Syl. ¶ 4. Here, the actions taken by the State were substantial:

- alerting detectives in the Douglass area to watch for the defendant;
- entering the defendant's name into the NCIC computer information system;
- stopping the defendant in a traffic stop after the arrest warrant had been entered in to the NCIC system;
- asking Sedgwick County law enforcement officers for assistance in locating the defendant;
- rechecking the NCIC system in November 2004 to see whether any useful new information regarding Watkins might appear there;
- obtaining information that the defendant might attend a baby shower in Douglass and alerting authorities there to watch for her; and
- obtaining information about the defendant's residence in various area motels and attempting to locate her at some of them.

These actions were far more than were done in the cases in which the delay in executing the warrant has been held unreasonable. See

*Long*, 276 Kan. 297 (State's actions limited to registering warrant in NCIC database without verifying the defendant's address, even after the sheriff was notified that the listed address was no longer valid); *State v. Dozal*, 31 Kan. App. 2d 344, 65 P.3d 217 (2003) (State's actions limited to mailing a letter to the defendant with a request that he turn himself in, performing a general employment database check, and entering warrant in NCIC database); *Washington*, 12 Kan. App. 2d 634 (State's actions limited to one computer search and four attempts to serve warrant at a single address, even though officer was told on first attempt defendant no longer lived there). And none of those cases involved active deception by a defendant as to her identity.

We agree with the district court in this case that the warrant was executed without unreasonable delay. The limited, initial delay in executing the warrant to allow further use of a confidential informant was reasonable. Later, judging the case on what the State *did* do, as the *Long* opinion directs, the State took substantial and ongoing efforts to locate Watkins so that she could be arrested on the warrant. The State's efforts were not perfect—and the failure to arrest her on the Butler County warrant when she was separately arrested in Wichita in July 2004 is unexplained. But Watkins would have been arrested on the warrant in February 2004 had she not lied about her identity; a warrants check was done that evening, and her passenger was arrested on an outstanding warrant. We believe the efforts of law enforcement here were reasonable under the circumstances. The case against Watkins is thus deemed commenced as of the filing of the complaint; it is therefore not barred by the statute of limitations.

We have separately noted a second exception that tolls the statute of limitations for any period of time the defendant is concealed within the state. The district court found that the defendant had lied about her identity, thus concealing her presence, in February 2004. Police learned within 72 hours of that encounter that she had lied, but they still did not know where to find Watkins. The district court also found that Watkins had used her sister's name on other encounters with law-enforcement officers but did not make a finding as to the number of days Watkins' whereabouts

were concealed. We agree with the implicit decision of the district court that such a finding was unnecessary because the district court separately had found that the warrant had been served without unreasonable delay. We note that even if there had been unreasonable delay in serving the warrant, the limitation period would have been tolled for some length of time based on concealment. Because the district court, not this one, makes the factual findings, we do not speculate as to what length of time the district court would have ascribed to concealment.

Watkins raises one additional issue in an attempt to set aside the district court's denial of her motion to dismiss. She contends that key evidence regarding the February 2004 traffic stop in Wichita was hearsay and that its admission violated her right to confront the witnesses against her, citing *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004). Watkins made no objection to the admission of this evidence before the district court. Moreover, it was Watkins' *own* attorney who began the inquiry about that stop to an officer who was not present for it.

On the record before us, then, Watkins is precluded from asserting this issue for the first time on appeal. A "timely and specific objection" to the admission of evidence is ordinarily required. See K.S.A. 60-404; *State v. Torres*, 280 Kan. 309, 319, 121 P.3d 429 (2005). And while constitutional grounds for reversal will sometimes be heard when they involve only a question of law arising on admitted facts or when necessary to prevent denial of fundamental rights, *State v. Schroeder*, 279 Kan. 104, 116, 105 P.3d 1237 (2005), such claims are not heard when the testimony complained of was brought forward by the defendant's attorney. *State v. Wilson*, 281 Kan. 277, 283-84, 130 P.3d 48 (2006); *State v. Kesselring*, 279 Kan. 671, 689, 112 P.3d 175 (2005). *Cf. State v. Gadelkarim*, 256 Kan. 671, 685, 887 P.2d 88 (1994) (holding that invited-error rule cannot be used as pretext for violating defendant's constitutional rights without good cause or justification).

Even if we were to consider Watkins' Confrontation Clause claim, however, it is contrary to existing Kansas law and the interpretation given by most other courts to the *Crawford* decision. In a pre-*Crawford* case, the Kansas Supreme Court held that the

confrontation right is a trial right that does not apply at a preliminary hearing. *State v. Sherry*, 233 Kan. 920, 929, 667 P.2d 367 (1983). We are bound to follow Kansas Supreme Court precedents absent some indication that court has moved away from the prior decision. *State v. Schow*, 37 Kan. App. 2d 941, 948, 161 P.3d 222 (2007). *Sherry* has been followed within the past decade, *State v. Crow*, 266 Kan. 690, 702-03, 974 P.2d 100 (1999) (finding statute allowing lab reports to be admitted without testimony at preliminary hearing did not violate Confrontation Clause, citing *Sherry*), and we find no Kansas Supreme Court ruling suggesting a departure from *Sherry*. Further, the majority of courts addressing this issue following *Crawford* have concluded that confrontation rights are not implicated at pretrial evidentiary hearings. See, *e.g.*, *People v. Felder*, 129 P.3d 1072 (Colo. App. 2005); *Gresham v. Edwards*, 281 Ga. 881, 883-84, 644 S.E.2d 122 (2007); *People v. Brink*, 31 App. Div. 3d 1139, 1140, 818 N.Y.S.2d 374 (2006); *State v. Woinarowicz*, 720 N.W.2d 635 (N.D. 2006); *Vanmeter v. State*, 165 S.W.3d 68 (Tex. App. 2005); *Washburn v. United States*, 2006 WL 3715393 (N.D. Ill. December 14, 2006) (unpublished opinion); *United States v. Waldron*, 2007 WL 2080520 (D.S.D. July 17, 2007) (unpublished opinion); *Akins v. Stowitsky*, 2006 WL 3717394 (W.D. Pa. December 14, 2006) (unpublished opinion); *Com v. Colon*, 2006 WL 300609 (Mass. App. February 8, 2006) (unpublished opinion). But see *Curry v. State*, 228 S.W.3d 292 (Tex. App. 2007) (holding *Crawford* right applicable to pretrial suppression hearing but finding no violation on facts of case). We also note that *Crawford* did not purport to overrule prior United States Supreme Court holdings that had emphasized the right to confrontation as a trial right. See *Pennsylvania v. Ritchie*, 480 U.S. 39, 52-53, 94 L. Ed. 2d 40, 107 S. Ct. 989 (1987); *California v. Green*, 399 U.S. 149, 157-58, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970).

We conclude that *Sherry* remains good law in Kansas: the Confrontation Clause rights discussed in the *Crawford* case do not apply at pretrial hearings. Watkins' claim of error in the admission of hearsay testimony regarding the Wichita traffic stop fails.

Watkins raises one final issue unrelated to the pretrial hearing. She challenges the use of her prior criminal history in determining her sentence without having a jury determine the fact of those convictions. Watkins did not object when the trial court used her prior criminal history in determining her sentence, but she once again seeks to raise a new issue on appeal. On this issue, however, she concedes that her argument is barred by existing Kansas Supreme Court precedent in *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). We see no indication that the Kansas Supreme Court intends to depart from that holding. Watkins' claim of error in considering her prior criminal history when she was sentenced also fails.

The judgment of the district court is affirmed.