Josa **WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0806–CR–505.

Court of Appeals of Indiana.

Dec. 22, 2008.

Transfer Denied Feb. 26, 2009.

---

Barbara J. Simmons, Oldenburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

Josa Williams appeals his conviction for class A misdemeanor possession of marijuana. The sole issue on appeal is whether the trial court abused its discretion in admitting evidence of marijuana seized from Williamss person during his arrest. We affirm.

On the evening of January 23, 2008, Indianapolis Metropolitan Police Officer Demetric Smith stopped Williams for a

routine traffic violation. During the stop, Officer Smith obtained Williamss identification and vehicle registration and ran a check on his police computer in his vehicle. At that time, he discovered that there was an outstanding warrant for Williamss arrest. He returned to Williamss vehicle, placed him under arrest, handcuffed him, and searched his person, at which time he discovered a bag of marijuana in Williamss pocket.

On January 24, 2008, the State charged Williams with class A misdemeanor possession of marijuana. The trial court conducted a bench trial on March 12, 2008. At trial, the trial court overruled Williamss objection to the introduction of "evidence gained as a result of the allege[d] warrant." Tr. at 8. Following the trial, Williams filed a motion to suppress evidence of the marijuana. On April 18, 2008, the trial court denied Williamss motion and found him guilty as charged.

▪ On appeal, Williams contends that the trial court violated his constitutional rights when it admitted evidence of the marijuana seized from his person. On review, we apply an abuse of discretion standard to trial court rulings on the admissibility of evidence. *Cox v. State*, 854 N.E.2d 1187, 1193 (Ind.Ct.App.2006). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Morris v. State*, 871 N.E.2d 1011, 1015 (Ind.Ct.App.2007), *trans. denied.* As in sufficiency cases, we do not reweigh evidence; rather, we consider the evidence most favorable to the trial courts ruling as well as any uncontroverted evidence favorable to the defendant. *Herbert v. State*, 891 N.E.2d 67, 70 (Ind.Ct.App.2008).

▪ The State contends, and Williams concedes, that a police officer may search a defendant pursuant to a lawful arrest. *Hollowell v. State*, 753 N.E.2d 612, 615 (Ind.2001). Searches incident to arrest

are permissible without a warrant and include search of the arrested person and the area within his immediate control. *Id.* In order for such a search to be lawful, the initial arrest must be lawful. *Jones v. State*, 467 N.E.2d 1236, 1239 (Ind.Ct.App. 1984). Here, Officer Smith learned of an active warrant for Williamss arrest when he accessed his police computer during a routine traffic stop. He subsequently arrested Williams, searched his person, and found marijuana in his pocket.

▪ Williams argues that the State failed to prove that the arrest was lawful and that, as such, evidence of the marijuana produced in the search should not have been admitted. *See Best v. State*, 817 N.E.2d 685, 689 (Ind.Ct.App.2004) (holding search of defendants person impermissible where arrest warrant is invalid at time of search). Here, Williams never challenged the validity of the warrant, and there was no evidence that the warrant was invalid. However, he argues that the States failure to place the arrest warrant in evidence amounts to reversible error.

Indiana courts have not addressed the question of whether the State must produce an active arrest warrant when the defendant has not challenged the warrants validity. In *Guajardo v. State*, 496 N.E.2d 1300 (Ind.1986), our supreme court addressed contested search warrants, noting that "the State was obligated to introduce the *search* warrant and probable cause affidavit into evidence *after [the defendant]* challenged the adequacy of the warrant." *Id.* at 1303 (emphases added). In *Carter v. State*, 367 Md. 447, 788 A.2d 646 (2002), the Court of Appeals of Maryland addressed the question of whether the State must produce an arrest warrant at a suppression hearing where a search of the defendants lunch box incident to arrest produced marijuana cigarettes:

We can find no authority in Maryland or elsewhere that the lawfulness of an ar-

rest can be vitiated by the States failure to produce an arrest warrant at a suppression hearing when the defendant already has a copy of it and has not specifically challenged the legality of the warrant. *Id.* at 656–57.

■ We find *Carter* persuasive, given that Williams did not challenge the warrants validity, and that the record is otherwise devoid of any indication of invalidity. To the extent Williams argues that he had no access to the warrant, we note that the warrant was referenced in detail by cause number in the probable cause affidavit filed with the charging information. *See* Appellants App. at 13. As such, Williams easily could have filed a motion to compel discovery of the warrant. We also note that the warrant is a public record easily accessible to Williams, and there is no indication of any motion to compel discovery of it.[1]

The trial court acted within its discretion in admitting evidence of the marijuana found on Williams person. Accordingly, we affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

---

1. Williams argues that since the warrant was not introduced at trial, the only evidence that it existed was Officer Smiths testimony. According to Williams, Officer Smiths testimony regarding the warrants existence would be inadmissible hearsay. We disagree. According to Indiana Evidence Rule 801(c), "[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In the context of a criminal investigation, we have held that "[a]n out-of-court statement introduced to ex-

plain why a particular course of action was taken during a criminal investigation is not hearsay because it is not offered to prove the truth of the matter asserted." *Ballard v. State,* 877 N.E.2d 860, 864 (Ind.Ct.App.2007) (citation and quotation marks omitted). Here, Officer Smith was not an out-of-court declarant, and he did not testify as to the truth of any out-of-court statement; rather, he testified in court as to his observation of an active warrant for Williams arrest and the course of action that he took as a result.