**Dewayne LEWIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0807–CR–663.

Court of Appeals of Indiana.

April 9, 2009.

Barbara J. Simmons, Oldenburg, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Dewayne Lewis appeals his conviction of possession of marijuana, a Class A misdemeanor.[1] He argues the State failed to establish he was lawfully arrested, and therefore, the marijuana was erroneously admitted. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 23, 2008, Officer Pepper Eldridge was dispatched to a gas station on a report of "trouble with a person." (Tr. at 6.) Lewis had purchased a package of cigarettes from the gas station, and when he got home, he realized the package had been stuffed with cotton. Lewis returned to complain, and apparently an employee felt threatened and called the police. When Officer Eldridge arrived, Lewis "was not doing anything illegal. He was voicing his disgust with his property that he bought there." (Id. at 20.)

Officer Eldridge checked for outstanding warrants and discovered Lewis had a warrant for his arrest out of Brownsburg.

The Control Operator contacted authorities in Brownsburg and confirmed there was an active warrant for check deception. Officer Eldridge arrested Lewis and searched him. She found a baggie of marijuana in Lewis' pocket.

Lewis was charged with possession of marijuana. The case was tried to the bench, and Officer Eldridge was the only witness. The prosecutor asked Officer Eldridge if she had "occasion to run Mr. Lewis' name through any of your systems." (Id. at 7.) Defense counsel objected:

> [DEFENSE COUNSEL]: Objection. At this point, anything that comes back through the system is hearsay and it's also a Crawford violation as they're going to attempt to use it as the reason for a lawful arrest without producing it to the Defense.
>
> \* \* \* \* \* \*
>
> So we're objecting to the testimony about the warrant as a basis for the arrest.
>
> THE COURT: The fact that there was a warrant, or what the warrant was for?
>
> [DEFENSE COUNSEL]: The fact that there was a warrant. The fact that they're going to claim it as the basis for search incident to arrest.
>
> THE COURT: Well, was there a warrant?
>
> [DEFENSE COUNSEL]: I don't know. It's never been given to me.
>
> \* \* \* \* \* \*
>
> Basically, they've taken away Defense'[s] opportunity to challenge the validity of the warrant. If it's invalid, then it's an invalid search incident to arrest.
>
> THE COURT: Wouldn't that be your burden to do?

---

1. Ind.Code § 35–48–4–11.

[DEFENSE COUNSEL]: No the warrant is part of mandatory discovery that should be produced to the Defense.

\*   \*   \*   \*   \*   \*

THE COURT: Isn't that warrant, access to that available to you?

[DEFENSE COUNSEL]: I don't have access to it. It's out of Brownsburg? It should have been produced.

THE COURT: I'm going to overrule the objection. . . .

[DEFENSE COUNSEL]: But, Your Honor, there is case law where if the warrant is found out to be illegal whether or not the officer knew at the time.

\*   \*   \*   \*   \*   \*

THE COURT: I don't have anything in front of me that says that it was not valid.

[DEFENSE COUNSEL]: Well, that's because they didn't produce it to the Defense. By not producing it to the Defense, they're circumventing the Fourth Amendment and just allowing the officer to testify about it. They've gotten in a separate go around.

THE COURT: You've made the record, but I'm going to overrule your objection.

(*Id.* at 7–8, 10–11.) Officer Eldridge proceeded to testify about discovering the warrant and the marijuana. The marijuana and a lab report confirming the substance was marijuana were also admitted into evidence over Lewis' objection. The trial court found Lewis guilty of possession of marijuana.

## DISCUSSION AND DECISION

Lewis argues the trial court erred by allowing Officer Eldridge to testify about the existence of a warrant and by admitting the marijuana. We review rulings on the admissibility of evidence for an abuse of discretion. *Williams v. State,* 898 N.E.2d 400, 402 (Ind.Ct.App.2008). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.* We do not reweigh the evidence, but consider the evidence most favorable to the ruling and any uncontroverted evidence favorable to the defendant. *Id.*

Lewis argues the warrant was necessary to prove he was lawfully arrested. Lewis' case is similar to *Williams.* During a routine traffic stop, Officer Smith ran a computer search and determined Williams had an outstanding warrant for his arrest. Officer Smith placed Williams under arrest, searched him, and discovered a bag of marijuana in Williams' pocket. Williams did not challenge the validity of the warrant, but argued it was necessary to prove he was lawfully arrested and that the search incident to arrest was valid.

Indiana courts have not addressed the question of whether the State must produce an active arrest warrant when the defendant has not challenged the warrant's validity. In *Guajardo v. State,* 496 N.E.2d 1300 (Ind.1986), our supreme court addressed contested search warrants, noting that "the State was obligated to introduce the *search* warrant and probable cause affidavit into evidence *after [the defendant] challenged the adequacy of the warrant.*" *Id.* at 1303 (emphases added). In *Carter v. State,* 367 Md. 447, 788 A.2d 646 (2002), the Court of Appeals of Maryland addressed the question of whether the State must produce an arrest warrant at a suppression hearing where a search of the defendant's lunch box incident to arrest produced marijuana cigarettes:

> We can find no authority in Maryland or elsewhere that the lawfulness of an arrest can be vitiated by the State's failure to produce an arrest warrant at a suppression hearing when the defendant already has a copy of it and

has not specifically challenged the legality of the warrant.

*Id.* at 656–57.

We find *Carter* persuasive, given that Williams did not challenge the warrant's validity, and that the record is otherwise devoid of any indication of invalidity. *Id.* at 402–03.

▮ Lewis argues we erred in relying on *Carter* because Carter had a copy of the warrant, and Williams did not. However, we rejected Williams' argument that he lacked access to the search warrant:

> To the extent Williams argues that he had no access to the warrant, we note that the warrant was referenced in detail by cause number in the probable cause affidavit filed with the charging information. As such, Williams easily could have filed a motion to compel discovery of the warrant. We also note that the warrant is a public record easily accessible to Williams, and there is no indication of any motion to compel discovery of it.

*Id.* at 403 (citation omitted). The same is true in Lewis' case. He did not make a discovery request for the warrant, which was referenced by cause number in the probable cause affidavit. He asserts the State should have taken affirmative action to provide him with the warrant, but he cites no authority in support of his argument. The record before us does not evince any effort by Lewis to obtain the warrant, nor any discovery violation by the State. Therefore, we disagree that Lewis "was deprived of his right to challenge the validity of the warrant." (Appellant's Br. at 8.)

▮ In the alternative, Lewis argues Officer Eldridge's testimony was inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evid. R. 801(c). In *Williams*, we noted the officer's testimony was not hearsay:

> In the context of a criminal investigation, we have held that "[a]n out-of-court statement introduced to explain why a particular course of action was taken during a criminal investigation is not hearsay because it is not offered to prove the truth of the matter asserted." Here, Officer Smith was not an out-of-court declarant, and he did not testify as to the truth of any out-of-court statement; rather, he testified in court as to his observation of an active warrant for Williams' arrest and the course of action that he took as a result.

898 N.E.2d at 403 n. 1 (citation omitted). Likewise, Officer Eldridge testified about the warrant to explain her course of action.

Lewis argues that if Officer Eldridge's testimony was not admitted to prove the truth of the matter asserted, then there was no evidence of the existence of a warrant. To the extent Officer Eldridge's testimony was offered to establish the existence of a warrant, that information pertained to whether the marijuana was admissible.[2] The existence of a warrant was not an element of the State's case, but pertains "only to the admissibility of evidence obtained under the warrant." *Guajardo,* 496 N.E.2d at 1303. A trial court may consider hearsay when ruling on the admissibility of evidence. *See* Ind. Evid.

**2.** We note that even if the information relayed to Officer Eldridge was erroneous, that would not necessarily require suppression of the evidence. *See Herring v. United States,* —— U.S. ——, ——, 129 S.Ct. 695, 698, 172 L.Ed.2d 496 (2009) (holding suppression of evidence not required where, due to error in database, police arrested Herring on warrant that had been recalled, because the police conduct was merely negligent). *Cf. Best v. State,* 817 N.E.2d 685, 689 (Ind.Ct.App.2004) (suppressing evidence found when Best was arrested for the fourth time on the same warrant).

Rule 104(a) ("Preliminary questions concerning ... the admissibility of evidence shall be determined by the Court.... In making its determination, it is not bound by the Rules of Evidence, except those with respect to privileges."). *See also* 12 Robert Lowell Miller, Indiana Practice § 104.102 at 112 (2007) ("Rule 104(a) expressly provides that the trial court is not bound [by] any evidence rules other than those with respect to privileges. Thus, for example, a trial judge may consider inadmissible hearsay ... in deciding a motion to suppress evidence in a criminal case....").

Finally, we reject Lewis' argument that the testimony violated *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (holding the Sixth Amendment forbids introduction of an out-of-court testimonial statement unless the witness is unavailable and the defendant has previously had an opportunity to cross-examine the witness). To the extent Officer Eldridge's testimony was admitted to explain her course of action, it was not hearsay, and therefore does not implicate *Crawford.* To the extent it was offered to establish the admissibility of the marijuana, *Crawford* was not violated. *See Kansas v. Watkins*, 40 Kan.App.2d 1, 190 P.3d 266, 270–71 (2007) (The majority of courts deciding this issue have concluded *Crawford* does not apply to suppression hearings.). Lewis advances no reason why *Crawford* would apply when the admissibility of evidence is being ruled on during a bench trial rather than at a separate pretrial hearing.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.