64321, 64324. SUMMERLIN v. THE STATE (two cases).
64322. DAVIS v. THE STATE.
64323. OWENS v. THE STATE.

POPE, Judge.
Appellants were arrested in Colquitt County, Georgia for their involvement in a scheme to deliver 900 to 1000 pounds of marijuana to undercover officers. Bail was set at $500,000 for each appellant. Two of the appellants, Lawrence Summerlin and James Owens, face additional charges for distributing marijuana, possession of cocaine and possession of methaqualone. Additional bail was set for each charge, $250,000 for the marijuana and methaqualone charges and $100,000 for possession of cocaine. All four appellants bring this appeal from the trial court's refusal to reduce the amount of bail set for their release pending the trial of their cases.

A review of the transcript of the hearing on appellants' motion to reduce bail reveals that the GBI agent testifying was of the opinion that the appellants would flee the jurisdiction if given a reduced bail. His opinion was based upon information that each of the appellants on previous occasions had been suspected of drug involvement by Florida and Tennessee authorities. Davis had a prior drug arrest in Henry County, Georgia. Lawrence Summerlin had a prior drug offense in Florida and both he and his brother James were being investigated by Florida and Tennessee authorities for their involvement in an illicit drug smuggling operation. Owens had been investigated in Florida for his involvement in narcotics and sports gambling. Furthermore, none of the appellants had any connection with Colquitt County or this area of Georgia. The appellants' only known contact to Georgia was an individual from Wayne County who had a lengthy arrest record for violating federal gun statutes and whose name was on record with the Drug Enforcement Administration. The trial judge considered the criteria set forth in *Lane v. State,* 247 Ga. 387 (276 SE2d 644) (1981), and based upon the

evidence adduced at the hearing, denied the motion to reduce bail by an order fully setting forth his reasoning. Under these circumstances there is no reason to disturb the ruling of the trial court. Mecom v. United States, 434 U. S. 1340 (98 SC 19, 54 LE2d 49) (1977).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 28, 1982.

*Larkin M. Fowler, Jr.,* for appellants.

*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.