A91A1470. JACKSON v. THE STATE.
(410 SE2d 358)

McMurray, Presiding Judge.

Pursuant to an arrest warrant, defendant was arrested and charged with conspiring to damage property with the intent to defraud an insurance company. A magistrate set bail at $350,000. Subsequently, defendant was indicted and accused of conspiracy to commit theft by deception, and conspiracy to damage and destroy property to defraud another (two counts). In the meantime, defendant filed a "petition for setting of bond" in the Superior Court of Fayette County. The petition urged the superior court "to set bail for petitioner in such reasonable amount as [the superior court] should deem fit and proper."

Responding to the petition, the Chief Judge of the Superior Court sent a letter to the Clerk of the Superior Court of Fayette County on April 19, 1991. In pertinent part, the letter reads as follows:

"I note that the above-stated matter appears on my motion day calendar for April 26, 1991. Inasmuch as bond has previously been fixed in this case by the Fayette County Magistrate, there is nothing for me to hear and you are directed to remove the same from this calendar. I am also advised that the accused has filed and has pending . . . an application for a writ of habeas corpus . . . concerning the amount of the bond which was set by the Magistrate."

The letter was filed in the office of the Clerk on April 22, 1991. On May 1, 1991, defendant appealed. The notice of appeal states that defendant is appealing "the Superior Court's refusal to entertain the issue of Bond or Bond Reduction pursuant to the Court's letter . . . directing the Clerk to remove the Bond Hearing from the Court Calendar." *Held*:

"In order for this court to review the decision of another court, that court must have made a decision and that decision must be appealable under some provision of law. . . ." *Fulton County Dept. of Family &c. Svcs. v. Perkins*, 244 Ga. 237, 238 (259 SE2d 427). The superior court did not make a decision with respect to defendant's motion to set bond. The most that can be said is that the superior court refused to make a decision. It follows that there is no decision for this Court to review. *Bautz v. Best*, 170 Ga. App. 219, 221 (4) (316 SE2d 589).

*Appeal dismissed. Andrews, J., concurs. Sognier, C. J., concurs*

*specially.*

SOGNIER, Chief Judge, concurring specially.

I am constrained to concur in the dismissal of this appeal because, pretermitting the question whether the trial court's action constituted a final order on the issue of bail reduction, but see *Reid v. State*, 116 Ga. App. 640, 643-644 (1) (158 SE2d 461) (1967) (held, trial court's refusal to rule on a speedy trial demand was an appealable judgment), an appeal from an order denying a defendant's motion for pretrial bail "is an interlocutory matter requiring a defendant to follow the interlocutory procedure set forth in OCGA § 5-6-34 (b). [Cit.]" *Howard v. State*, 194 Ga. App. 857 (392 SE2d 562) (1990). Nonetheless, given the posture of the case below, I find it necessary to give some direction to this matter.

Excessive bail is prohibited by Art. I, Sec. I, Par. XVII of the 1983 Georgia Constitution, and our courts have long recognized that excessive bail is the equivalent of a refusal to grant bail. *Reid v. Perkerson*, 207 Ga. 27, 29 (4) (60 SE2d 151) (1950). A defendant seeking a reduction in the amount of bail set may file either a writ of habeas corpus, id., or a motion for reduction of bail. See *Summerlin v. State*, 162 Ga. App. 747 (293 SE2d 26) (1982). Although in this case the magistrate's court had authority to set bail, OCGA §§ 17-6-1 (b); 15-10-2 (9), the judges of the superior courts have authority "[t]o hear and determine questions arising upon . . . [w]rits of habeas corpus or bail . . . [and] the lessening of the amount of bail," OCGA § 15-6-9 (5) (A), (C), and thus the superior court erroneously concluded it could not hear the defendant's request for bail reduction.

Accordingly, the defendant is entitled either to file a new motion for reduction of bail or to renew the portion of his previously filed and dismissed writ of habeas corpus that raised the issue of excessive bail. Upon the filing of either such pleading, the superior court should conduct a hearing to consider whether the amount of bail set by the magistrate is excessive. See *Summerlin*, supra. If the amount originally set is in excess of that needed to reasonably assure the presence of the defendant, bail should be reduced. *Jones v. Grimes*, 219 Ga. 585, 587-589 (2) (134 SE2d 790) (1964).

DECIDED SEPTEMBER 9, 1991.

*Kane & Anderson, Daniel B. Kane*, for appellant.
*W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney*, for appellee.