## S98A1979. SMITH v. NICHOLS et al.
### (512 SE2d 279)

BENHAM, Chief Justice.

Appellant Willie Arthur Smith is currently in the custody of the sheriff of Newton County, appellee Joe Nichols. Smith filed a petition for habeas corpus and mandamus in which he sought to have the habeas court set or reinstate a bond on a probation violation warrant, and to require Newton County to provide him both a preliminary hearing and a final hearing in his probation revocation proceedings. At the same time, appellant filed a motion to recuse the judges of the

Alcovy Judicial Circuit from presiding over cases involving appellant, including the habeas/mandamus petition he had filed. The judges were recused from presiding over this matter, and a judge from the Augusta Judicial Circuit heard appellant's petition. Following the habeas court's dismissal of appellant's mandamus action and its denial of appellant's request for habeas corpus relief, appellant filed a direct appeal in this Court.

Appellant was arrested on October 25, 1997, one day after the issuance of an arrest warrant for him on cocaine charges and two months after a probation violation arrest warrant had been issued for him. After appellant made a timely appearance before a magistrate on the drug charges, he was served with a petition for revocation of probation and notice of a hearing to commence within five days.[1] Smith was denied bond with regard to both warrants in December 1997. When more than 90 days had elapsed since his arrest, Smith filed a motion for bond pursuant to OCGA § 17-7-50 (failure to indict within 90 days), which caused a consent order of bond to issue on January 28, 1998. Appellant posted bond and was released on February 5; however, he was re-arrested on February 6 on a fresh arrest warrant that was issued on the ground that the January 28 bond order had authorized Smith's release on the drug warrant but not on the probation violation warrant. On February 9, appellant filed his petition for habeas corpus and mandamus relief. As stated earlier, the habeas court dismissed the mandamus action and denied habeas relief.

1. "[I]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. [Cits.]" *Stephenson v. Futch*, 213 Ga. 247 (1) (98 SE2d 374) (1957). Appellant's status as a prisoner raises the possibility that OCGA § 42-12-8, the statute which sets forth appellate procedural requirements under the Prison Litigation Reform Act, OCGA § 42-12-1 et seq. (PLRA), mandates that appellant seek discretionary, rather than direct, review of the judgment rendered against him. In response to our request, the parties addressed the jurisdictional issue and the Attorney General filed a motion to dismiss the portion of the appeal from the denial of mandamus relief.[2]

One is subject to the PLRA if one is a "prisoner," statutorily defined as "a person 17 years of age or older who has been convicted of a crime and is presently incarcerated or is being held in custody

---

[1] Due to appellant's request for a continuance, a probation revocation hearing has yet to be held.

[2] The appeal does not take issue with the dismissal of the portion of appellant's pleading seeking mandamus. Accordingly, the motion to dismiss from the appeal the defendants in the mandamus action is granted.

awaiting trial or sentencing." OCGA § 42-12-3 (4). On January 28, appellant was released on bond pending trial on the cocaine charges, so he is currently being held in custody in lieu of bond only on the probation violation warrant. Since one in custody awaiting a probation revocation hearing is one awaiting a determination of the means by which he is to serve a sentence, he is similarly situated to one in custody awaiting sentencing. Therefore, we conclude that one 17 years of age or older in custody awaiting a probation revocation hearing is a "prisoner" for purposes of the PLRA.

With some exceptions, the PLRA requires a prisoner to follow the discretionary application procedure in order to obtain appellate review of the trial court's action in any civil lawsuit, action, or proceeding filed by a prisoner, and failure to follow the appropriate procedure results in dismissal of the appeal. *Jones v. Townsend*, 267 Ga. 489 (480 SE2d 24) (1997). A petition for a writ of habeas corpus is expressly exempted from the PLRA. OCGA § 42-12-3 (1) (A). That exemption, however, does not authorize a prisoner to appeal directly the denial of a petition for habeas corpus relief. OCGA § 9-14-52 requires this Court to engage in a discretionary review process concerning an appeal from the habeas court's denial of relief to a prisoner held under sentence of a state court of record, thereby making unauthorized a direct appeal from the denial of a post-trial habeas petition. Where, however, a prisoner files a pre-trial habeas corpus petition while in custody in lieu of bond, the discretionary procedures of § 9-14-52 are replaced by the direct appeal route offered by OCGA § 9-14-22. *Reed v. Stynchcombe*, 249 Ga. 344 (1) (290 SE2d 469) (1982). Cf. *Hood v. Carsten*, 267 Ga. 579 (481 SE2d 525) (1997); *Baez v. Lemacks*, 264 Ga. 808 (452 SE2d 491) (1994). In the case at bar, since appellant filed his habeas petition while in custody in lieu of bond awaiting a probation revocation hearing, he was authorized under § 9-14-22 to appeal directly the denial of habeas relief.[3]

2. Appellant contends the habeas court committed several errors, each of which resulted in the erroneous denial of the habeas relief he sought.

(a) Citing OCGA § 9-14-7, appellant asserts that the sheriff failed to timely produce appellant for inquiry into the February 9

---

[3] Our jurisdictional holding should not be interpreted as affording a defendant a right of direct appeal from the trial court's denial of pre-trial bond. In *Howard v. State*, 194 Ga. App. 857 (392 SE2d 562) (1990), the Court of Appeals ruled that an interlocutory application must be granted in order for an appellate court to review such an action taken by the trial court. See also *Hood v. Carsten*, 267 Ga. 579 (481 SE2d 525) (1997) (Carley, J., concurring specially). Where a defendant denied pre-trial bond files a petition for writ of habeas corpus, the habeas court's ruling is directly appealable to this Court. OCGA § 9-14-22. See *Reid v. Perkerson*, 207 Ga. 27 (4) (60 SE2d 151) (1950); *Jackson v. State*, 201 Ga. App. 158 (410 SE2d 358) (1991) (Sognier, J., concurring specially).

petition for a writ of habeas corpus. The statute requires that the "return day" for the writ of habeas corpus, i.e., the day on which the custodian of the petitioner is required to produce the petitioner "together with the cause of the detention" (OCGA § 9-14-5), must be within eight days of the presentation of the petition. See *Tyree v. Jackson*, 226 Ga. 690 (177 SE2d 160) (1970); *Harper v. Ballensinger*, 225 Ga. 863 (171 SE2d 609) (1969). The habeas court found that the statute had been complied with because appellant had made a court appearance on the eighth day following the filing of the habeas petition. From what we can glean from appellate records filed in this Court, while appellant was brought to a courtroom on the eighth day, there was no inquiry into the cause of his detention due to appellant's pending motion to recuse the judges of the Alcovy Judicial Circuit.[4] Appellant's habeas hearing took place in June 1998, four months after the petition was filed.

We need not decide today whether an incarcerated defendant's appearance in a courtroom satisfies the statutory mandate that the defendant be produced "for the purpose of an examination into the cause of the [habeas petitioner's] detention" (OCGA § 9-14-5). Resolution of that troubling aspect of this case is left for another day because, in this case, the inability of the court below to conduct a hearing into the cause of appellant's detention was the direct result of appellant's action. The lapse of time between appellant's filing of his petition for the writ and the holding of a habeas hearing was due to appellant's inclusion in his petition of a motion to recuse all the Alcovy Judicial Circuit judges, appellant's filing of a habeas corpus petition in this Court while his motion to recuse and his petition for habeas/mandamus relief remained pending below, and a month-long continuation of the habeas hearing consented to by the parties. The Alcovy judges did not act on the habeas petition in light of the recusal motion; the judge from the Toombs Judicial Circuit designated to hear the recusal motion did not hold a recusal hearing for six weeks

---

[4] The only reference in the appellate record to a February 17 court proceeding involving appellant is appellant's counsel's mention in the transcript of the habeas/mandamus hearing of a court appearance arranged by the district attorney. The only activity on February 17 contained in the record is the entry of an order, dated February 12, appointing a superior court judge from the Toombs Judicial Circuit to hear appellant's motion to recuse the superior court judges of the Alcovy Judicial Circuit. In an application filed by appellant's counsel in this Court on February 23, 1998 (*Smith v. Nichols*, S98O0805), appellant's counsel stated that he was telephonically informed by the office of an Alcovy superior court judge the day after the habeas petition was filed that action would be taken on the habeas petition, and that, while counsel was in Newton County on other business on February 17, he was informed by the assistant district attorney that appellant would be produced that day pursuant to OCGA § 9-14-7. Appellant was produced, but no inquiry into the cause of detention could be made, according to the ADA's response in S98O0805, because of the pendency of appellant's recusal motion.

because he believed his court to be without jurisdiction of the matter while the habeas petition was pending in this Court; the Toombs judge's subsequent recusal of the Alcovy judges[5] led to the assignment of a judge from the Augusta Judicial Circuit to preside over appellant's habeas/mandamus action; the Augusta judge issued the writ commanding the sheriff to produce appellant for a hearing on the habeas petition, but the hearing was continued for a month, with the consent of all parties.

The delay in having a hearing on appellant's habeas petition was brought about by appellant's disqualification of the only judges who could preside over his habeas/mandamus action — the superior court judges of the Alcovy Circuit.[6] Since it was appellant's actions which frustrated the ability of the Alcovy judges to consider the merits of appellant's petition and delayed the holding of the required hearing for months, we decline the opportunity to order appellant released because the temporal requirements of OCGA § 9-14-7 were not met.[7]

(b) Appellant complains that, contrary to the provisions of OCGA §§ 17-4-26[8] and 42-8-38 (arrest of probationer for violation of probationary terms), he never received a preliminary hearing on the probation revocation warrant within 72 hours of his arrest. OCGA § 17-4-26 is a directive to an arresting officer to present the arrestee before a committing judicial officer within 72 hours after arrest. *Watts v. Pitts*, 253 Ga. 501, 504 (322 SE2d 252) (1984). At the time of appellant's arrest, there were two outstanding warrants against him, and it is undisputed that he was presented timely to a committing judicial officer on the cocaine warrant. Five days after his arrest, while he was in custody on the cocaine warrant, appellant was served with notice of the probation revocation and of a hearing to be held thereon five days hence. At appellant's request, the probation revocation hearing has not yet been held. This Court has held that due process in probation revocation proceedings does not require both a pre-

---

[5] The basis for recusal was the fact that all the judges were named as defendants in the mandamus portion of appellant's habeas/mandamus pleading.

[6] While a habeas petition may be filed with a superior court judge or a probate judge of the county in which the detention exists (OCGA § 9-14-4), only a superior court judge is authorized to hear a mandamus action. OCGA § 15-6-9.

[7] We see the filing of a pre-trial habeas petition as analogous to a criminal defendant's filing of a demand for speedy trial. OCGA §§ 17-7-170 and 17-7-171. In both situations, the petitioner/movant puts the State on notice that he/she is exercising a statutory right which requires the State to act promptly. One who demands a speedy trial may waive that demand by affirmative acts. *Mize v. State*, 262 Ga. 489 (2) (422 SE2d 180) (1992). A pre-trial habeas petitioner's "demand" for a hearing within eight days is subject to the same fate when the petitioner takes action which thwarts the ability of the State to meet the demand.

[8] OCGA § 17-4-26 states: "Every law enforcement officer arresting under a warrant shall . . . present the person arrested before a committing judicial officer within 72 hours after arrest. . . ."

liminary and a final hearing "where all requirements of due process can be afforded in a single hearing procedure." *McElroy v. State*, 247 Ga. 355, 358 (276 SE2d 38) (1981). See also *Wilson v. State*, 152 Ga. App. 695 (1) (263 SE2d 691) (1979). Had appellant's probation revocation hearing been held, appellant's concern about the lack of a preliminary hearing on the probation revocation would be of no moment. Id. However, at appellant's request, the probation revocation hearing has yet to be held. If there has been error, it is one created by appellant who cannot now be heard to complain about the result. *Bevil v. State*, 220 Ga. App. 1 (7) (b) (467 SE2d 586) (1996).

(c) Lastly, appellant maintains that the January 28 bond order pursuant to which he was initially released from custody on February 5 was illegally revoked ex parte. Inasmuch as a bond revocation involves the deprivation of one's liberty, the decision to revoke bond must meet minimal due process requirements, including notice to the individual whose bond is to be revoked and an opportunity for that individual to be heard. *Hood v. Carsten*, supra, 267 Ga. 579. In the case at bar, the habeas court found that the January 28 bond encompassed only the warrant for the drug charges for which appellant had been arrested but not indicted, and endorsed the recusal judge's order which had concluded that "a simple procedural mistake was made by someone at the jail in releasing the Petitioner on bond [on February 5] when there was still a probation violation warrant pending." Since the habeas court's factual findings are not clearly erroneous (*Jefferson v. Zant*, 263 Ga. 316 (1) (431 SE2d 110) (1993)), and its conclusion of law that appellant was not entitled to be released under the terms of the January 28 bond order is not error, appellant did not have his bond revoked. Accordingly, it was not necessary that the due process requirements of *Hood v. Carsten* be met.

While we affirm the decision of the habeas court to deny relief, we also note that this litigation might have been avoided had the prosecuting attorney promptly informed appellant's counsel of the mistake in releasing appellant, and advised appellant's counsel of the prosecutor's intent to seek a warrant for appellant's arrest should appellant not return himself to the custody of the sheriff. Had the prosecutor communicated with opposing counsel prior to approaching, for purposes of clarification, the judge who had issued the January 28 bond order, the prosecutor would have fulfilled the professional aspiration of treating opposing counsel in a manner consistent with his professional obligations and with the dignity of the search for justice. See Part IX (Professionalism), Rules and Regulations of the State Bar of Georgia. The lack of communication has resulted in a year of litigating this habeas petition and a habeas petition filed directly in this Court.

*Judgment affirmed. All the Justices concur.*

Decided February 22, 1999.

*Dwight L. Thomas,* for appellant.

*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellees.