S07A0341. GRESHAM v. EDWARDS.
(644 SE2d 122)

BENHAM, Justice.

While awaiting trial and in custody in lieu of bond, appellant Juakee Gresham filed a pre-trial petition for habeas corpus relief. Accordingly, he is entitled to a direct appeal from the trial court's denial of habeas relief. OCGA § 9-14-22; *Smith v. Nichols*, 270 Ga. 550 (1) (512 SE2d 279) (1999).

At his preliminary hearing and in his habeas petition, appellant contended his constitutional right to confront witnesses[1] was abridged when the detective investigating the charges against him was permitted to give hearsay testimony at appellant's preliminary hearing. Appellant was arrested in November 2005 and in December 2005 was afforded a preliminary hearing at which the investigating detective was the sole witness. Over appellant's objection, the detective testified to the contents of a conversation he had had with a suspect who implicated appellant in the crime, to the contents of reports written by the officers who had responded to the call for assistance placed by appellant's alleged victim, and about the results of a photo array the detective had conducted. Appellant filed his petition for a writ of

---

[1] The Sixth Amendment to the U. S. Constitution, applicable to the states through the Fourteenth Amendment (*Pointer v. Texas*, 380 U. S. 400, 407-408 (85 SC 1065, 13 LE2d 923) (1965)), states, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ."

habeas corpus after the magistrate determined there was sufficient probable cause to hold appellant and he was returned to the custody of appellee Ira Edwards, the sheriff of Athens-Clarke County. The habeas court denied relief after concluding hearsay has long been admissible in determining the existence of probable cause. See *Banks v. State of Ga.*, 277 Ga. 543 (1) (592 SE2d 668) (2004).

1. Appellant asserts the Confrontation Clause is applicable to a preliminary hearing because it is a "critical stage" of the prosecution to which the Sixth Amendment's right to counsel applies. See *Coleman v. Alabama*, 399 U. S. 1, 10 (90 SC 1999, 26 LE2d 387) (1970) (preliminary hearing which determines whether there is sufficient evidence against the accused to warrant presentation of his case to the grand jury and, if so, to fix bail if the offense is bailable "is a 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid of counsel as at the trial itself.' [Cit.]").[2] However, "[t]he question whether a particular proceeding is critical to the outcome of a trial is not the proper inquiry in determining whether the Confrontation Clause has been violated. The appropriate question is whether there has been any interference with the defendant's opportunity for effective cross-examination [at trial]." *Kentucky v. Stincer*, 482 U. S. 730, 744, n. 17 (107 SC 2658, 96 LE2d 631) (1987). See also *California v. Green*, 399 U. S. 149, 159 (90 SC 1930, 26 LE2d 489) (1970) ("[T]he inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial."). Thus, the "critical" nature of the proceeding is not the decisive factor with regard to the applicability of the right of confrontation.

2. Appellant asserts that the U. S. Supreme Court's decision in *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), establishes that the Confrontation Clause prohibits the use of testimonial hearsay[3] at a preliminary hearing unless there is a showing of unavailability and a prior opportunity to cross-examine the declarant. In *Crawford*, the U. S. Supreme Court addressed a

---

[2] A preliminary hearing in Georgia has a purpose similar to that set forth in *Coleman v. Alabama*. It is "simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury." *State v. Middlebrooks*, 236 Ga. 52 (2) (222 SE2d 343) (1976). Likewise, it is a "critical stage" in the proceedings, entitling the defendant to the presence of counsel. *Wilson v. State*, 181 Ga.App. 435 (2) (352 SE2d 618) (1987).

[3] Statements made by witnesses to police during interrogation and field investigations constitute the "testimonial hearsay" ruled inadmissible at trial in *Crawford* unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Brawner v. State*, 278 Ga. 316 (2) (602 SE2d 612) (2004); *Bell v. State*, 278 Ga. 69 (3) (597 SE2d 350) (2004); *Moody v. State*, 277 Ga. 676, 680, n. 6 (594 SE2d 350) (2004).

criminal defendant's right of confrontation at *trial* and, in its historical overview of the right, recounted "the manner in which witnesses give testimony in criminal *trials*" (id. at 43) and the admissibility *at trial* of the pre-trial examination of an unavailable witness (id. at 43-50), noting that the Court's cases "have thus remained faithful to the Framers' understanding: Testimonial statements of witnesses absent *from trial* have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." (Emphases supplied.) Id. at 59. In earlier decisions, the Court stated, "[t]he right to confrontation is basically a trial right" (*Barber v. Page*, 390 U. S. 719, 725 (88 SC 1318, 20 LE2d 255) (1968));[4] "it is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause" (*California v. Green*, 399 U. S. at 157); "[t]he opinions of this Court show that the right to confrontation is a *trial* right . . ." (*Pennsylvania v. Ritchie*, 480 U. S. 39, 52 (107 SC 989, 94 LE2d 40) (1987) (plurality decision)), and "the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U. S. 1012, 1016 (108 SC 2798, 101 LE2d 857) (1988).[5]

There being no indication in *Crawford* of a change from the Court's previous statements that the right of confrontation is a trial right, we join the several States which have addressed this issue in their conclusion that the holding in *Crawford* is not applicable to preliminary hearings. *Sheriff v. Witzenburg*, 145 P3d 1002 (Nev. 2006); *State v. Rhinehart*, 153 P3d 830 (Utah App. 2006). See *State v. Woinarowicz*, 720 NW2d 635 (N.D. 2006); *People v. Brink*, 818 NYS2d 374 (N.Y. A.D. 2006); *People v. Felder*, 129 P3d 1072 (Colo. App. 2005); *Vanmeter v. State*, 165 SW3d 68 (Tex. App. 2005) (all of which held that *Crawford* is not applicable to pretrial suppression hearing because right of confrontation is a trial right). See also *State v. Sherry*, 667 P2d 367 (Kan. 1983); *Rex v. Sullivan*, 575 P2d 408 (Colo. 1978); *Mitchell v. State*, 267 NW2d 349 (Wisc. 1978); *Commonwealth v.*

---

[4] In *Barber v. Page*, the Supreme Court went on to distinguish a trial from a preliminary hearing in its discussion of the right of confrontation:

The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial.

[5] Cf. *Kentucky v. Stincer*, supra, 482 U. S. at 738, n. 9, where Justice Blackmun, while writing for the majority, stated his personal belief that "a state rule that precludes a defendant from access to information before trial may hinder that defendant's opportunity for *effective* cross-examination at trial, and thus . . . such a rule equally may violate the Confrontation Clause. . . ."

*Tyler*, 587 A2d 326 (Pa. Super. 1991) (pre-*Crawford* decisions which held that the Sixth Amendment right to confrontation not applicable to preliminary hearings).

Accordingly, the habeas court did not err when it denied appellant relief.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2007.

*Dustin K. Kirby*, for appellant.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.