S07A0678. NGUYEN v. THE STATE et al.
(651 SE2d 681)

BENHAM, Justice.

The Superior Court of Clayton County sua sponte dismissed Victoria Nguyen's petition for a writ of habeas corpus seven days after it was filed and one day after the sheriff's entry of service on the respondents. In her petition, Nguyen attacked the judgment of conviction entered against her in the City of Forest Park's municipal court for violating city ordinances governing permits and hours of operation, for which violations she had been sentenced to pay a fine of $200. The habeas court based its sua sponte dismissal of the habeas

petition on Nguyen's failure to comply with the statutory require-
ment to attach to the habeas petition a copy of the legal process
forming the pretext of the restraint she purportedly suffered (see
OCGA § 9-14-3), and her failure to appeal the judgment of conviction.
In addition to dismissing Nguyen's petition, the habeas court dis-
posed of the merits of the petition (Nguyen's assertion her conviction
was invalid because she had not been provided counsel) by stating
that the constitutional right to counsel is triggered by the imposition
of a sentence of actual imprisonment or a suspended or probated
sentence of imprisonment, and not the possibility of a sentence of
imprisonment. See *Jackson v. State*, 257 Ga. App. 715 (1) (572 SE2d
60) (2002). On appeal, Nguyen asserts she adequately demonstrated
her liberty was being restrained as a result of the municipal court
conviction; her failure to seek a writ of certiorari to appeal the
municipal conviction did not forfeit her right to seek habeas relief;
and she was entitled to be informed of her right to counsel by the
municipal court.

1. "It is the duty of this Court to raise the question of its
jurisdiction in all cases in which there may be any doubt as to the
existence of such jurisdiction." *Rowland v. State*, 264 Ga. 872 (1) (452
SE2d 756) (1995). The writ of habeas corpus, by which the judicial
branch has the authority to release persons from unlawful restraints
on their liberty, has been available in Georgia since colonial days
("The Writ of Habeas Corpus," 12 Ga. B. J. 20 (Feb. 2007)), and the
Georgia Constitution places "all habeas corpus cases" within the
general appellate jurisdiction of this Court. 1983 Ga. Const., Art. VI,
Sec. VI, Par. III (4). Since 1967,[1] there have been two statutory means
by which the merits of a habeas corpus case may be placed before this
Court for review. "[P]ersons under sentence of state court of record"
who have been denied habeas relief must file in this Court a written
application for a certificate of probable cause to appeal, and this
Court "shall either grant or deny the application. . . ." OCGA § 9-14-52
(b). Where the subject of an unsuccessful habeas petition is not "under
sentence of a state court of record," the appeal to this Court is
governed by OCGA § 9-14-22 (a), which provides that "[a]ppeals in
habeas corpus cases shall be governed, in all respects where appli-
cable, by the laws in reference to appeals in other cases. . . ." OCGA

---

[1] In 1967, the General Assembly amended the habeas corpus statutory scheme "so as to
provide a new exclusive procedure for persons whose liberty is being restrained by virtue of a
sentence imposed against them by any state court of record . . ." (Ga. L. 1967, p. 835), and
thereby drew a distinction between petitioners who were restrained of their liberty "as a result
of a sentence imposed by any state court of record" (OCGA § 9-14-1 (c)), and those restrained
"under any pretext whatsoever, except under sentence of a state court of record. . . ." OCGA
§ 9-14-1 (a).

§ 9-14-22 (a) has been construed to provide a direct appeal to this Court. See *Tabor v. State*, 279 Ga. 98 (610 SE2d 59) (2005); *Smith v. Nichols*, 270 Ga. 550 (1) (512 SE2d 279) (1999) (denial of pre-trial habeas corpus petition filed by one in custody in lieu of bond is directly appealable to Supreme Court). See also *Reed v. Stynchcombe*, 249 Ga. 344 (1) (290 SE2d 469) (1982) (appellate procedure of OCGA § 9-14-52 not applicable to an appeal from the denial of relief in a pretrial habeas proceeding). Thus, a person restrained of her liberty under any pretext whatsoever, except under sentence of a state court of record, has the right to appeal directly to this Court an unsuccessful resolution of a petition for habeas corpus relief.[2]

Whether Nguyen has a right of direct appeal or must bring her appeal by way of application depends upon whether the judgment of conviction was rendered by "a state court of record." We conclude that one restrained of liberty as a result of a municipal court conviction for violation of municipal ordinances is entitled to a direct appeal from a habeas court's final order on a habeas petition because a municipal court presiding over the trial of such charges is not a *state* court of record. The judicial power of the state is constitutionally vested exclusively in the magistrate, probate, juvenile, state, and superior courts, as well as this Court and the Court of Appeals. 1983 Ga. Const., Art. VI, Sec. I, Par. I. A municipal court is established and maintained by the municipal corporation it serves (see OCGA § 36-32-1 (a); see also *City of Lawrenceville v. Davis*, 233 Ga. App. 1, 2-3 (502 SE2d 794) (1998)) and has "jurisdiction over the violation of municipal ordinances and over such other matters as are by general law made subject to the jurisdiction of municipal courts." OCGA § 36-32-1 (a). The General Assembly's exercise of its constitutional authority to enact legislation vesting municipal courts with jurisdiction over various state misdemeanor offenses (Art. VI, Sec. I, Par. I) imbues the municipal court with limited state judicial power when it tries a defendant for violation of the state misdemeanors the General Assembly has placed within its jurisdiction. See *Kolker v. State*, 260 Ga. 240, 243-244 (391 SE2d 391) (1990).[3] However, that limited state judicial power was not exercised in the case at bar since Nguyen was tried only for violations of municipal ordinances. Accordingly, the municipal court was not a state court in this case, and Nguyen is

---

[2] The failure to include within the coverage of OCGA § 9-14-52 (b) all persons convicted of the violation of a state statute or municipal or county ordinance, regardless of the court of conviction, results in the anomalous situation wherein one convicted of murder must file an application for review of the denial of a habeas petition while one convicted of violating a local ordinance may be entitled to a direct appeal to this Court from the denial of habeas relief.

[3] See also *Wojcik v. State*, 260 Ga. 260 (392 SE2d 525) (1990), with regard to the jurisdiction of several recorder's courts to adjudicate certain state misdemeanor offenses.

entitled under OCGA § 9-14-22 (a) to a direct appeal from the habeas court's dismissal of her petition for habeas relief.[4]

2. The habeas court dismissed Nguyen's petition after determining that Nguyen had not complied with the statutory requirement that a petitioner attach to the habeas petition a copy of the legal process forming the pretext of the petitioner's restraint, to apprise the court of the cause or pretense of the restraint purportedly suffered by the petitioner. See OCGA § 9-14-3 (3).

> While the ... Code ... provides that there must be "a distinct averment of the alleged illegality in the restraint," [OCGA § 9-14-3 (4)] and that the "cause or pretense of the restraint" must be stated [OCGA § 9-14-3 (3)], it will not do ... to apply to a proceeding of this character the strict rules applicable to pleadings in suits between parties. The utmost liberality consistent with a due observance of the forms and substance of legal requirements should be allowed. The State is interested in seeing that no citizen is illegally deprived of his liberty, and the law is designed to encourage, and make easy and expeditious, inquiry into the cause of an imprisonment, whenever its legality is brought in question.

*Simmons v. Ga. Iron & Coal Co.*, 117 Ga. 305, 318-319 (43 SE 780) (1903). Nguyen asserted in her habeas petition that she was attacking the judgment of conviction entered against her in the Forest Park Municipal Court on March 24, 2006, for the offenses of "hours of operation, vacating permits." Those averments established that the restraint she suffered was the result of a legal process, and she was required to attach a copy of the legal process. The Civil Practice Act, applicable in habeas corpus proceedings (*Rolland v. Martin*, 281 Ga. 190, 191 (637 SE2d 23) (2006)), includes insufficiency of process as a defense that is waived if not asserted in a responsive pleading or by written motion filed at or before the time of pleading. OCGA § 9-11-12 (b) (4) and (h). The insufficiency of process was not asserted in a responsive pleading or written motion by respondents because the habeas court dismissed Nguyen's petition before respondents had an opportunity to file a responsive pleading or motion. We are aware of no authority holding that the failure to attach the legal process is grounds for dismissal of the petition for lack of jurisdiction. Rather, in light of the holding in *Simmons v. Ga. Iron & Coal*, supra, that we

---

[4] We express no opinion whether a municipal court is a state court *of record* when it tries a defendant for violation of the state misdemeanor offenses over which the General Assembly has given the municipal court jurisdiction.

allow "[t]he utmost liberality consistent with a due observance of the forms and substance of legal requirements," we conclude the habeas court erred in dismissing the petition for insufficiency of process in the absence of a responsive pleading or motion raising that defense.

3. The habeas court ruled that the petition was subject to dismissal due to Nguyen's failure to appeal her municipal court conviction to superior court. While claims raised in a direct appeal are barred from review in a habeas case and claims that could have been raised in a direct appeal and were not are defaulted in a habeas case (*Schofield v. Palmer*, 279 Ga. 848 (621 SE2d 726) (2005)), the failure to have filed an appeal from the judgment of conviction is not the basis for dismissing a petition for habeas relief.

4. We also disagree with the habeas court's resolution of the merits of Nguyen's habeas petition that, because Nguyen was not sentenced to a term of imprisonment or a suspended or probated sentence, she was not entitled to counsel as a matter of constitutional right. See *Jackson v. State*, supra, 257 Ga. App. 715. OCGA § 36-32-1 (f)[5] provides that

> [a]ny municipal court . . . having jurisdiction over the violation of municipal ordinances . . . shall not impose any punishment of confinement, probation, or other loss of liberty, or impose any fine, fee, or cost enforceable by confinement, probation, or other loss of liberty, as authorized by general law or municipal or county ordinance, unless the court provides to the accused the right to representation by a lawyer, and provides to those accused who are indigent the right to counsel at no cost to the accused.

Whether OCGA § 36-32-1 (f) was applicable to Nguyen and, if so, whether Nguyen was advised of her right to counsel and knowingly and intelligently waived that right are matters for determination in the habeas court.

*Judgment reversed and case remanded to the habeas court. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.

---

[5] The effective date of OCGA § 36-32-1 (f) was January 1, 2005. Ga. L. 2003, pp. 191, 222, § 10 (c). Petitioner was convicted on March 24, 2006.

*Thurbert E. Baker, Attorney General, Mack & Harris, Robert L. Mack, Jr.*, for appellees.