S09A1487. JACKSON v. BITTICK et al.

(690 SE2d 803)

CARLEY, Presiding Justice.

Curtis Jackson was arrested, released on bond, and indicted for theft by receiving stolen property. When he failed to appear for trial, the trial court issued a bench warrant and bond forfeiture. Jackson was arrested and returned to jail. He subsequently filed a motion to lift the bench warrant and reinstate the bond, which the trial court denied.

Less than three weeks before the rescheduled trial, Jackson filed a pro se petition for writ of habeas corpus, primarily alleging that he was unlawfully confined under the bench warrant. At trial, a jury found Jackson guilty of two counts of theft by receiving stolen property, and the trial court entered judgments of conviction and sentences.

Thereafter, the habeas court dismissed the habeas petition on the ground that "the allegations contained in the petition are now moot." Continuing to act pro se in the habeas case, Jackson filed a timely notice of direct appeal. Two weeks later, he filed an application for certificate of probable cause in the habeas court, which that court purported to deny.

1. The habeas court's order dismissing the petition was directly appealable. Where, as here, "a prisoner files a pre-trial habeas

corpus petition while in custody in lieu of bond, the discretionary procedures of [OCGA] § 9-14-52 are replaced by the direct appeal route offered by OCGA § 9-14-22. [Cits.]" *Smith v. Nichols*, 270 Ga. 550, 552 (1) (512 SE2d 279) (1999). Even if an application for certificate of probable cause had been necessary, OCGA § 9-14-52 (b) required that it be filed with the clerk of this Court rather than the habeas court. Accordingly, Jackson's application for certificate of probable cause and the habeas court's denial thereof were unnecessary and without effect, and we therefore proceed to consider the habeas court's dismissal of the petition.

2. Jackson's claims that he was illegally incarcerated under a bench warrant based upon an indictment are moot because he "has been tried, convicted, and . . . sentenced . . . and . . . would not derive any benefit from the adjudication" which he seeks. *Colston v. Youmans*, 208 Ga. 669, 670 (2) (68 SE2d 898) (1952). The remaining claims, including the alleged denial of Jackson's right to counsel or self-representation, are matters that could be asserted in the context of the criminal prosecution and, therefore, "must be addressed in the trial court and on appeal, not by means of a pre-trial petition for habeas corpus. [Cit.]" *Ferguson v. Freeman*, 282 Ga. 180, 182 (2) (646 SE2d 65) (2007). See also *Massey v. St. Lawrence*, 284 Ga. 780 (2) (671 SE2d 834) (2009); *Mungin v. St. Lawrence*, 281 Ga. 671 (641 SE2d 541) (2007).

Accordingly, "the habeas court correctly dismissed [Jackson's] petition without conducting an evidentiary hearing. [Cit.]" *Mungin v. St. Lawrence*, supra at 672.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED MARCH 15, 2010.

Curtis Jackson, *pro se.*
Richard G. Milam, District Attorney, Lauren A. Love, Assistant District Attorney, for appellees.