S11A1124. BROWN v. CRAWFORD.
S11A1142. FREEMAN v. BROWN et al.
(715 SE2d 132)

CARLEY, Presiding Justice.

Appellant Corey Bernard Freeman and Appellee Ethron Carl Crawford each filed a pre-trial petition for writ of habeas corpus. One habeas court denied the petition filed by Freeman, and he filed a direct appeal. Another habeas court granted the petition filed by Crawford, and DeKalb County Sheriff Thomas Brown filed a direct appeal. Subsequently, recognizing that Freeman and Crawford both qualify as prisoners pursuant to OCGA § 42-12-3 (4), this Court ordered that the two above-styled cases be consolidated for purposes

of appeal and requested that the parties address the issue of whether the holding in *Smith v. Nichols*, 270 Ga. 550, 552 (1) (512 SE2d 279) (1999), that the final order in a pre-trial habeas corpus action filed by a prisoner is directly appealable, was effectively abrogated by the amendment to OCGA § 42-12-3 (1) in Ga. L. 1999, p. 847, § 1, such that these appeals therefore must be dismissed for failure to file an application for discretionary appeal pursuant to OCGA § 5-6-35.

In 1996 the Georgia General Assembly passed the Prison Litigation Reform Act for the stated purpose of addressing the dramatic rise in the costs of litigation, the overwhelming burden on Georgia courts, and other problems caused by the ever-increasing filing of nonmeritorious lawsuits "by prisoners who view litigation as a recreational exercise." OCGA § 42-12-2; Ga. L. 1996, pp. 400, 401, § 1. The legislature created several control mechanisms in the Act, including "procedures for monitoring prisoner litigation (see OCGA §§ 42-12-4 & 42-12-9) and [the placement of] certain burdens on prisoners seeking to conduct civil litigation. See OCGA §§ 42-12-4 through 42-12-8." *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). The provision relevant to the present appeals is the restriction imposed in OCGA § 42-12-8, stating that "[a]ppeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35." OCGA § 5-6-35, when applicable, requires that an appeal of an order issued by the trial court follow a discretionary application procedure. Therefore, in the situations covered by the Act, a prisoner does not have the right of direct appeal but must file a discretionary application in the appropriate appellate court in order to obtain review of a "trial court's action in any civil lawsuit, action, or proceeding filed by a prisoner, and failure to follow the appropriate procedure results in dismissal of the appeal. [Cit.]" *Smith v. Nichols*, supra.

However, the legislature expressly exempted appeals from criminal convictions and habeas corpus filings from the ambit of the Act, including the requirement in OCGA § 42-12-8 mandating a discretionary review procedure for an appeal. The original definitional section of the Act read in pertinent part as follows:

As used in this chapter, the term: (1) "Action" means any civil lawsuit, action, or proceeding, including an appeal, filed by a prisoner, but shall not include: (A) A petition for writ of habeas corpus; or (B) An appeal of a criminal proceeding.

Ga. L. 1996, pp. 400, 401, § 1. Since petitions for writ of habeas corpus were exempted from the Act, it appeared that a prisoner could directly appeal a decision of the trial court regarding a habeas corpus

filing. However,

> OCGA § 9-14-52 requires this Court to engage in a discretionary review process concerning an appeal from the habeas court's denial of relief to a prisoner held under sentence of a state court of record, thereby making unauthorized a direct appeal from the denial of a post-trial habeas petition.

*Smith v. Nichols*, supra. Therefore, as this Court acknowledged in *Nichols*, by applying the statutes as stated above, a disparity was created whereby a prisoner could appeal directly from the denial of a pre-trial petition for writ of habeas corpus but must apply for discretionary review of a judgment rendered on a post-trial petition for writ of habeas corpus.

In 1999, just a few months after the *Nichols* decision, the General Assembly amended the Act to remove the exemption for habeas corpus filings from several of its provisions. The amended OCGA § 42-12-3 (1) reads as follows:

> As used in this chapter, the term: (1) "Action" means any civil lawsuit, action, or proceeding, including an appeal, filed by a prisoner but shall not include an appeal of a criminal proceeding; provided, however, that the provisions of Code Sections 42-12-4 through 42-12-7 shall not apply to petitions for writ of habeas corpus.

Ga. L. 1999, p. 847, § 1. Pursuant to this amendment, a prisoner who files a petition for writ of habeas corpus now must abide by all procedures in the Act except for OCGA §§ 42-12-4 through 42-12-7 but including OCGA § 42-12-8. Therefore, as the Act reads presently, any appeal of a court's action with respect to a habeas corpus filing by a prisoner must follow the discretionary review process set forth in OCGA § 5-6-35. Although this Court has held in several cases after the passage of the 1999 amendment that a petitioner may file a direct appeal from the denial of a pre-trial petition for writ of habeas corpus, these cases expressly rely on *Nichols* without acknowledging that the language of the Act is different now than it was when *Nichols* was decided. Accordingly, to the extent that they are inconsistent with this opinion, we hereby overrule *Jackson v. Bittick*, 286 Ga. 364-365 (1) (690 SE2d 803) (2010); *Lamb v. Bennett*, 284 Ga. 810, 811 (671 SE2d 506) (2009); *Massey v. St. Lawrence*, 284 Ga. 780 (1) (671 SE2d 834) (2009); *Nguyen v. State*, 282 Ga. 483, 484-485 (1) (651 SE2d 681) (2007); *Bryant v. Vowell*, 282 Ga. 437 (651 SE2d 77) (2007); *Gresham v. Edwards*, 281 Ga. 881 (644 SE2d 122) (2007);

*Whitmer v. Conway*, 279 Ga. 99 (610 SE2d 61) (2005); *Tabor v. State*, 279 Ga. 98, 99, fn. 1 (610 SE2d 59) (2005), and any other case which allows a petitioner to file a direct appeal from the denial of a pre-trial petition for writ of habeas corpus.

In the present appeals, the Appellants each filed an appeal of an order on a pre-trial petition for writ of habeas corpus filed by a prisoner, and thus they were required to file an application for discretionary review in this Court. Although the appellant in Case No. S11A1124 is the DeKalb County Sheriff and thus not a prisoner, this Court in *Ray v. Barber*, 273 Ga. 856 (1) (548 SE2d 283) (2001), held that OCGA § 42-12-8 applies when a non-prisoner files an appeal of an action originally filed by a prisoner. Accordingly, as neither Appellant filed an application for discretionary appeal pursuant to OCGA § 5-6-35, both appeals are hereby dismissed. *Jones v. Townsend*, supra; *Smith v. Nichols*, supra.

*Appeals dismissed. All the Justices concur.*

NAHMIAS, Justice, concurring.

Brown asks us to overrule *Ray v. Barber*, 273 Ga. 856 (548 SE2d 283) (2001), which held that the Prison Litigation Reform Act's (PLRA) appeals provision — "[a]ppeals of all actions filed by prisoners shall" proceed by discretionary application, OCGA § 42-12-8 — requires even non-prisoner appellants to file discretionary applications. Id. I agree the case was probably wrongly decided. The linchpin in its reasoning is that "filed by prisoners" only modifies the term "actions," meaning the provision should be read to say "in all actions filed by prisoners, appeals must come by discretionary application." Id. But this reading seemingly overlooks the definition of "action" (indeed, *Barber* never mentions the definition), which only includes "civil lawsuit[s], action[s], or proceeding[s] . . . *filed by a prisoner*." OCGA § 42-12-3 (1) (emphasis added). Because an "action" is, by definition, "filed by a prisoner," reading "filed by a prisoner" in the appeals provision to only modify "actions" renders the phrase superfluous. The better reading — particularly in view of the PLRA's stated purpose of minimizing frivolous *prisoner* filings, OCGA § 42-12-2 — is to interpret "filed by a prisoner" in the appeals provision as describing the entire preceding phrase, "Appeals of any actions." Thus, contrary to *Barber*, the appeals provision only requires a discretionary application for an "[a]ppeal[ ] of any action" that is "filed by a prisoner" — in other words, an appeal filed by a prisoner, and only a prisoner.

But stare decisis supports continuing to apply *Barber*. The decision was not demonstrably wrong, as the appeals provision is not a model of clarity, and applying the definition of "action" to the appeals provision is like fitting a round peg into a slightly oval hole.

(For instance, the definition says that an "appeal" counts as an action, meaning the appeals provision applies to "[a]ppeals of any [appeal].") *State v. Jackson*, 287 Ga. 646, 658 (697 SE2d 757) (2010). *Barber* has also been law for over a decade and has been applied in a number of cases. Moreover, the clear procedural rule *Barber* supplies is workable, id., as it simply requires the State to file a discretionary application to appeal in prisoner actions. This makes little difference: Where the State is not granted discretionary review, it likely would have lost on appeal anyway. Most importantly, the *Barber* rule is an interpretation of a statute, so the General Assembly is free to change it. Id. ("Stare decisis is an important principle that promotes the rule of law, particularly in the context of statutory interpretation, where our incorrect decisions are more easily corrected by the democratic process.").

With this understanding, I join the Court's opinion in full and will continue to apply *Barber* in future cases.

I am authorized to state that Justice Melton joins in this concurrence.

DECIDED SEPTEMBER 12, 2011.

*Robert D. James, Jr.*, District Attorney, *Leonora Grant, Deborah D. Wellborn, John S. Melvin*, Assistant District Attorneys, for Brown. *Herbert Shafer, J. Converse Bright*, for Crawford.
Corey B. Freeman, *pro se*.